Hart Robinovitch (AZ #020910)
**ZIMMERMAN REED LLP**
14648 North Scottsdale Road, Suite 130
Scottsdale, AZ 85254
T: (612) 341-0400
hart.robinovitch@zimmreed.com

*Attorneys for Movant Dirgesh Patel*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley,<br><br>        Defendants. | Case No.: 2:24-CV-02619-DJH-JFM<br><br>**MOVANT DIRGESH PATEL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD AND LOCAL COUNSEL** |

## TABLE OF CONTENTS

                                                                                  **Page(s)**

TABLE OF AUTHORITIES ...............................................................................................ii

I.    PROCEDURAL BACKGROUND...............................................................................1

II.   SUMMARY OF THE ACTION ..................................................................................2

      A.    Disclosures at the End of the Class Period ..........................................................4

III.  ARGUMENT ...............................................................................................................5

      A.    The PSLRA Standard for Appointing Lead Plaintiff ...........................................5

      B.    Mr. Patel is the "Most Adequate Plaintiff" under the Exchange Act ..................6

            (1)    Mr. Patel Has Satisfied the PSLRA's Procedural Requirements ...........6

            (2)    Mr. Patel Has the Largest Financial Interest in the Relief Sought
                   by the Class ............................................................................................6

            (3)    Mr. Patel Is Qualified Under Rule 23 .....................................................7

                   a.    Mr. Patel's Claims Are Typical of the Claims of the Class ........8

                   b.    Mr. Patel Will Fairly and Adequately Represent the Class's
                         Interests ...................................................................................9

            (4)    This Court Should Approve Mr. Patel's Choice of Lead and Local
                   Counsel ...................................................................................................10

IV.   CONCLUSION...........................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borteanu v. Nikola Corp.*,
  562 F. Supp. 3d 174 (D. Ariz. 2021) ................................................................................9

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) .........................................................................................11

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ...........................................................................................9

*Esfandiari v. Edgio Inc.*,
  2023 WL 7282299 (D. Ariz. Nov. 3, 2023).....................................................................10

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ....................................................................................11

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ............................................................................................9

*In re AudioEye, Inc. Sec. Litig.*,
  2015 WL 13654027 (D. Ariz. Aug. 3, 2015)....................................................................11

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .................................................................................5, 6, 8

*In re Mersho*,
  6 F. 4th 891 (9th Cir. 2021) ...................................................................................5, 8, 9

*McGee v. Am. Oriental Bioengineering, Inc.*,
  2012 WL 12895668 (C.D. Cal. Oct. 16, 2012)..................................................................7

*Peters v. Twist Bioscience Corp.*,
  2023 WL 4849431 (N.D. Cal. July 28, 2023).....................................................................7

*Sved v. Matrixx Initiatives, Inc.*,
  2005 WL 8158448 (D. Ariz. Jan. 18, 2005) .................................................................8, 9

*Tenneson v. Nikola Corp.*,
  2024 WL 905244 (D. Ariz. Feb. 29, 2024), *report and recommendation adopted*,
  2024 WL 1796119 (D. Ariz. Apr. 25, 2024) ........................................................7, 8, 9, 11

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) ........................................................................................10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ................................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(A)(i) ......................................................................................... 1, 5

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................ 1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb) ....................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................... 10

15 U.S.C. §§ 78j(b) and 78t(a) ........................................................................................... 1

**Rules**

Fed. R. Civ. P. 23(a)(3) ....................................................................................................... 9

Fed. R. Civ. P. 23 ...................................................................................................... 1, 6, 7

Fed. R. Civ. P. 23(a) ................................................................................................. 7, 8, 10

Putative class member Dirgesh Patel ("Mr. Patel"), by his counsel, respectfully submits this Memorandum of Law under the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order appointing Mr. Patel as Lead Plaintiff for the above-captioned action (the "Action"), approving his selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as Lead Counsel, Zimmerman Reed LLP ("Zimmerman Reed") as local counsel, and granting other and further relief as the Court may deem just and proper.

Mr. Patel believes that he has the largest financial interest in the outcome of the Action, and is otherwise qualified under Rule 23 of the Federal Rules of Civil Procedure. Thus, he is presumptively entitled to be appointed Lead Plaintiff and his choice of counsel should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## I.    PROCEDURAL BACKGROUND

On September 27, 2024, the Action was filed. ECF No. 1.  The Action alleges claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against AMMO, Inc. ("Ammo" or the "Company"), Fred W. Wagenhals ("Wagenhals"), Jared R. Smith ("Smith"), and Robert D. Wiley ("Wiley") (collectively, "Defendants"), for violations of the federal securities laws on behalf of persons and entities that purchased or otherwise acquired Ammo securities between August 19, 2020 and September 24, 2024, inclusive (the "Class Period").

On September 30, 2024, in accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, notice of the Action was published to class members on *Business* Wire (the "Notice") advising purchasers of Ammo securities of the existence of a lawsuit against Defendants and the nature of Defendants' statements, omissions, and alleged conduct.[1]  The

---

[1] *See* Declaration of Hart Robinovitch in Support of the Motion of Dirgesh Patel for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Robinovitch Decl."), dated November 29, 2024, Ex. A (September 30, 2024 Notice of Pendency of Class Action on *Business Wire*).

1

Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff within 60 days, or by November 29, 2024.

Mr. Patel now moves this Court to be appointed as Lead Plaintiff for the Action.

## II.    **<u>SUMMARY OF THE ACTION</u>**

Ammo designs, produces, and markets ammunition and ammunition component products for public consumers, manufacturers, and law enforcement military agencies. Compl. ¶ 17.[2]  Ammo's common stock trades on the NASDAQ exchange under the symbol "POWW." ¶ 12.

On August 19, 2020, when the Class Period begins, Ammo filed its annual report for the fiscal year ended March 31, 2020 on Form 10-K with the SEC (the "2020 Annual Report").   ¶ 18.   Item 11 of the 2020 Annual Report disclosed the composition and compensation of Ammo's executive officers and directors, as well as the valuation of the Company's stock awards made to those individuals.  *Id*.  The 2020 Annual Report also reported Ammo's purported financial results, including the Company's financing activities, and the costs of certain payments related to such offerings.  ¶ 19.  Also, the 2020 Annual Report represented that the Company did not have any off-balance sheet arrangements, and that "[o]ther than the foregoing" "none of the directors or executive officers of the Company," "has any material interest, direct or indirect, in any transaction that has occurred during the past fiscal year," and that "[w]ith regard to any future related party transaction" the Company "plan[s] to fully disclose any and all related party transactions."  ¶¶ 20-21. Throughout the Class Period, Defendants made substantially similar representations to investors.  ¶¶ 22-29.

On June 14, 2023, Ammo filed its annual report for the fiscal year ended March 31, 2023 on Form 10-K with the SEC (the "2023 Annual Report").  ¶ 30.  The 2023 Annual Report disclosed: the Company's purported financial results for the fiscal year, including the Company's financing activities, and the cost of certain payments related to such offerings,

---

[2] References or citations to "Complaint," "Compl., ¶ _," or "¶ _" refer to allegations in the complaint filed in the Action. ECF No. 1.

that the Company did not have any off-balance sheet arrangements, and the Company's related party transactions. ¶¶ 30-32. On July 31, 2023, Ammo filed an amendment to its 2023 Annual Report on a Form 10-K/A with the SEC (the "Amended 2023 Annual Report"). ¶ 33. The Amended 2023 Annual Report was filed to, *inter alia*, amend and restate disclosure of Ammo's directors, executive officers and corporate governance, executive compensation, and certain relationships and related transactions. *Id.* The Amended 2023 Annual Report also reported the composition and compensation of Ammo's executive officers and directors, as well as the valuation of the Company's stock awards made to such individuals. *Id.* Furthermore, the Amended 2023 Annual Report added statements to its prior statements on the Company's related party transactions. ¶ 34. For example, the Amended 2023 Annual Report stated that "[w]hile the Company does not current [sic] have a written policy regarding approval of transactions between the Company and a related party, our Board of Directors, as matter of appropriate corporate governance, reviews and approves all such transactions, to the extent required by applicable rules and regulations." *Id.*

On June 13, 2024, Ammo filed its annual report for its fiscal year ended March 31, 2024 on Form 10-K with the SEC (the "2024 Annual Report"). ¶ 35. The 2024 Annual Report disclosed: the Company's purported financial results for the fiscal year, including the Company's financing activities, and the cost of certain payments related to such offerings, that the Company did not have any off-balance sheet arrangements, and the Company's related party transactions. ¶¶ 35-37. On July 29, 2024, Ammo, filed an amendment to its 2024 Annual Report on a Form 10-K/A (the "Amended 2024 Annual Report"). ¶ 38. As in the Amended 2023 Annual Report, the Amended 2024 Annual Report was filed to, *inter alia*, amend and restate disclosure of the Company's directors, executive officers and corporate governance, executive compensation, and certain relationships and related transactions. *Id.* The Amended 2024 Annual Report also reported the composition and compensation of Ammo's executive officers and directors, as well as the valuation of the Company's stock awards made to such individuals. *Id.* Finally, the Amended 2024 Annual

3

Report added several paragraphs to its section on Related Party Transactions. ¶ 39.

The Complaint alleges that during the Class Period Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business, operations and prospects. ¶ 40. Specifically, Defendants failed to disclose to investors: (1) that the company lacked adequate internal controls over financial reporting; (2) that there was a substantial likelihood the Company failed to accurately disclose all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (3) that there was a substantial likelihood the Company failed to properly characterize certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; (4) there was a substantial likelihood the Company failed to appropriately value unrestricted stock awards to officers, directors, employees and others in fiscal years 2020 through 2022; and (5) that, as a result of the foregoing, Defendants' positive statements about Ammo's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id*.

### A.    <u>Disclosures at the End of the Class Period</u>

After the market closed on September 24, 2024, Ammo announced that its Chief Financial Officer, Rob Wiley, had "resigned upon request by the Board." ¶ 41. Also, on that date, the Company filed a form 8-K with the SEC which stated, in relevant part:

**Independent Investigation**

A Special Committee of the Board of Directors has retained a law firm to conduct an independent investigation, focused on fiscal years 2020 through 2023, including determining whether the Company and its management control persons at the time: (i) accurately disclosed all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (ii) properly characterized certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; and (iii) appropriately valued unrestricted stock awards to officers, directors, employees and others in fiscal years 2020 through 2022. The Company's outside auditors have indicated that they are **not prepared to rely on representations from the Company's management team from the period in question until such time that the aforementioned investigation and all appropriate remediation, if necessary, is**

4

**completed**.

¶ 41 (emphasis added).

As a result of this news, Ammo common stock price fell $0.08, or 5.26% to close at $1.44 per share on September 25, 2024, on unusually heavy trading volume.  ¶ 42.  As of November 20, 2024, Ammo stock has not recovered, closing at $1.19 per share.

**III.    ARGUMENT**

**A.    The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA sets forth a three-step process for the selection of lead plaintiff.  *In re Mersho*, 6 F. 4th 891, 899 (9th Cir. 2021) (quoting *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)). Within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  15 U.S.C. § 78u-4(a)(3)(B).

Under the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa) has either filed the complaint or made a motion in response to a notice…
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant "becomes the presumptively most adequate plaintiff." *In re Cavanaugh*, 306 F.3d at 730.  At step three, the presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

### B.   Mr. Patel is the "Most Adequate Plaintiff" under the Exchange Act

Mr. Patel respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interests of any movant, and satisfies Rule 23's typicality and adequacy requirements.  He has signed and filed a certification under the PSLRA, and he has suffered substantial losses as a result of his purchase of Ammo securities.  *See* Robinovitch Decl., Ex. B; Ex. C.  Finally, Mr. Patel has selected and retained counsel experienced in the prosecution of securities class actions to represent the class.  *See id.*, Ex. D (Firm resume of Kaplan Fox).  Accordingly, Mr. Patel satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore, should be appointed Lead Plaintiff.

### (1)   Mr. Patel Has Satisfied the PSLRA's Procedural Requirements

On September 27, 2024, the Action was filed and on September 30, 2024 the Notice was published.  Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on November 29, 2024.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the Notice, Mr. Patel timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the proposed class.

### (2)   Mr. Patel Has the Largest Financial Interest in the Relief Sought by the Class

Under the PSLRA, the plaintiff with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

is presumed to be the most adequate plaintiff to lead the action.    15 U.S.C. § 78u-4(a)(3)(B)(iii).    Courts in the Ninth Circuit determine greatest financial interest by considering the four *Lax-Olsten* factors: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered. *See Tenneson v. Nikola Corp.*, CV-23-02131-PHX, 2024 WL 905244, at *5 (D. Ariz. Feb. 29, 2024), *report and recommendation adopted*, 2024 WL 1796119 (D. Ariz. Apr. 25, 2024) (Humetawa, J.) (quoting *McGee v. Am. Oriental Bioengineering, Inc.*, No. 2:12-CV-5476, 2012 WL 12895668, at *3 (C.D. Cal. Oct. 16, 2012) (collecting cases); *see also Peters v. Twist Bioscience Corp.*, No. 5:22-cv-08168, 2023 WL 4849431, at *3-4 (N.D. Cal. July 28, 2023) (citing *Lax-Olsten* factors in largest financial interest analysis).

Mr. Patel: 1) purchased 128,590 shares of Ammo common stock during the Class Period; 2) purchased 85,008 net shares of Ammo common stock during the Class Period, 3) expended a net amount of $562,727.42 during the Class Period, and 4) has losses of approximately $555,825 under the last-in first-out, or LIFO, method. *See* Robinovitch Decl., Ex. B; Ex. C.  Furthermore, Mr. Patel purchased Ammo call options and sustained losses of approximately $72,710 under the LIFO method. *Id*, Ex. B; Ex. C. As a result of Mr. Patel's purchase of Ammo securities, Mr. Patel has losses of approximately $628,535 under the LIFO method (approximately $629,521 under first-in first-out counting method).  *Id.*, Ex. C. Mr. Patel is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant.

**(3)    Mr. Patel Is Qualified Under Rule 23**

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).    Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives.  *In re Mersho*, 6 F.4th at 896 ("[The PSLRA] requires a district court to [] identify the presumptive lead plaintiff, who is the movant with the largest financial interest and who has made a prima facie showing of adequacy and typicality."); *Tenneson*, 2024 WL 905244, at *3 ("Only subsections (3) and (4) of Fed. R. Civ. P. 23(a), typicality and adequacy, are relevant to the selection of the lead plaintiff.") (citing *In re Cavanaugh*, 306 F.3d at 730); *Sved v. Matrixx Initiatives, Inc.*, No. CIV-04-0886-PHX, 2005 WL 8158448, at *2 (D. Ariz. Jan. 18, 2005) ("the Court should preliminarily determine whether, based on information provided in the pleadings, that plaintiff fulfills Rule 23(a) requirements, in particular those of typicality and adequacy.") (citing *In re Cavanaugh*, 306 F.3d at 730).  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  As detailed below, Mr. Patel satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff for this Action.

### a.    Mr. Patel's Claims Are Typical of the Claims of the Class

A lead plaintiff movant must show that his or her "claims or defenses are typical of the claims or defenses of the putative class. The Court must determine 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Tenneson*, 2024 WL 905244, at *8 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Sved*, 2005 WL 8158448, at *2 ("A plaintiff satisfies the typicality requirement when the plaintiff has: (1) suffered the same injuries as the absent class members; (2) as a result of the same course of conduct; and (3)

8

their claims are based on the same legal issues.") (citing *Hanon*, 976 F.2d at 508).

Mr. Patel's claims are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. He purchased Ammo securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and omissions and has suffered damaged. *See Tenneson*, 2024 WL 905244, at *8 ("Because Reyes' claims appear typical to the claims of the putative class members, Reyes therefore has made a *prima facie* showing that he satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3)."); *Sved*, 2005 WL 8158448, at *2 ("NECA-fund purchased Matrixx shares during the class period, in reliance upon the alleged materially false and misleading statements by Defendants, and suffered damages as a result of those statements. Therefore, NECA-fund's claims are typical of absent class members.").

> **b. Mr. Patel Will Fairly and Adequately Represent the Class's Interests**

The representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3). "[W]hether a plaintiff will adequately represent a class by answering two questions: (1) do the movant and its 'counsel have any conflicts of interest with other class members' and (2) will the movant and its 'counsel prosecute the action vigorously on behalf of the class?'" *In re Mersho*, 6 F.4th at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)); *Tenneson*, 2024 WL 905244, at *8 ("To determine adequacy, the Court considers 'whether the class representative and counsel have any conflicts of interest with other class members and whether the class representative and his counsel will prosecute the action vigorously on behalf of the class.'") (quoting *Borteanu v. Nikola Corp.*, 562 F. Supp. 3d 174, 181 (D. Ariz. 2021); *Sved*, 2005 WL 8158448, at *2 ("[A] plaintiff satisfies Rule 23(a)'s adequacy requirement by establishing: (1) plaintiff has the ability and incentive to represent the claims of the class; (2) the lead plaintiff's attorney is qualified, experienced, and capable of conducting the proposed litigation; and (3) the plaintiff does not have interests antagonistic to those of the

class.") (citing *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998)). Here, Mr. Patel's interests are aligned with the members of the proposed class, and there is no evidence of any antagonism between Mr. Patel's interests and those of the class. As detailed above, Mr. Patel's claims raise similar questions of law and fact as claims of the members of the class, and his claims are typical of the members of the class.

Further, Mr. Patel has demonstrated his adequacy and willingness to serve as and assume the responsibilities of lead plaintiff. *See* Robinovitch Decl., Ex. B; E (Declaration of Dirgesh Patel, dated Oct. 7, 2024). Mr. Patel understands that a lead plaintiff is required to oversee counsel and direct litigation on behalf of the Class, stay apprised of all material developments of the litigation, and that as lead plaintiff, he would owe duties to the Class to act in its best interest. *See* Ex. E. Having suffered substantial losses, Mr. Patel will be a zealous advocate on behalf of the class. In addition, Mr. Patel has selected Kaplan Fox—counsel highly experienced in prosecuting securities class actions—to represent him and the proposed class. *See id.*, Ex. D; *see supra*, § B(4). Thus, the close alignment of interests between Mr. Patel and other class members, and his strong desire to prosecute the Action on behalf of the class, provide ample reason to grant his motion for appointment as Lead Plaintiff in the Action. Accordingly, Mr. Patel satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the Exchange Act.

**(4)    This Court Should Approve Mr. Patel's Choice of Lead and Local Counsel**

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Esfandiari v. Edgio Inc.*, No. CV-23-00691-PHX, 2023 WL 7282299, at *3 (D. Ariz. Nov. 3, 2023) (Humetewa, J.) ("[The PSLRA] vests the initial selection [of counsel] with the plaintiff; the court's role is limited to approval of that choice."); *In re AudioEye, Inc. Sec. Litig.*, No. CV-15-163-TUC-DCB (LEAD), 2015 WL 13654027, at *3 (D. Ariz. Aug. 3, 2015) (same)); *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("the most adequate plaintiff [is] the actor that 'select[s] and retain[s]' class counsel. Although this

power is subject to court approval and is therefore not absolute, it plainly belongs to the lead plaintiff."). Furthermore, "[l]ocal liaison counsel is preferred 'when securities fraud class actions are filed by out-of-state lawyers,' as selection of local counsel "'facilitates communication and ensures that out-of-state lawyers are familiarized with local rules and practices."' *Tenneson*, 2024 WL 905244, at *11 (quoting *Ferrari v. Gisch*, 225 F.R.D. 599, 610-11 (C.D. Cal. 2004)).

Mr. Patel has retained Kaplan Fox to file moving papers on his behalf seeking appointment as Lead Plaintiff and to serve as lead counsel to pursue the Action on behalf of him and the class. Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Robinovitch Decl., Ex. D. Zimmerman Reed has a nationwide securities and financial fraud practice, and has successfully represented individual investors and institutional clients in PSLRA actions. *See id.*, Ex. F. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

## IV.   CONCLUSION

For all of the foregoing reasons, Mr. Patel respectfully requests that the Court: (1) appoint him as Lead Plaintiff, (2) approve his selection of Kaplan Fox as Lead Counsel and Zimmerman Reed as Local Counsel; and (3) grant such other relief as the Court may deem just and proper.

Date:  November 29, 2024

**ZIMMERMAN REED LLP**

*/s/ Hart Robinovitch*
Hart Robinovitch
14648 North Scottsdale Road, Suite 130
Scottsdale, AZ 85254
T: (612) 341-0400
hart.robinovitch@zimmreed.com

**KAPLAN FOX & KILSHEIMER LLP**
Jeffrey P. Campisi (*pro hac vice* forthcoming)
Chang Hahn (*pro hac vice* forthcoming)

11

800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
jcampisi@kaplanfox.com
chahn@kaplanfox.com

Laurence D. King (*pro hac vice* forthcoming)
Clarissa Olivares (*pro hac vice* forthcoming)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
lking@kaplanfox.com
colivares@kaplanfox.com

*Attorneys for Movant Dirgesh Patel and Proposed Lead and Local Counsel for the Proposed Class*

12