Brian O. O'Mara (*pro hac vice* forthcoming)
Hani Y. Farah (*pro hac vice* forthcoming)
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel. (619) 923-3939
briano@dicellolevitt.com
hfarah@dicellolevitt.com

Adam J. Levitt (Bar No. 038655)
**DiCELLO LEVITT LLP**
Ten North Dearborn Str., Sixth Floor
Chicago, IL  60602
Tel.: (312) 214-7900
alevitt@dicellolevitt.com

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARIAS LARMAY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMMO, INC., FRED W. WAGENHALS, JARED R. SMITH, AND ROBERT D. WILEY;<br><br>Defendants. | Case No. CV-24-02619-PHX-JFM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF SHELLY BARRILE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

Shelly Barrile ("Movant") respectfully submits this memorandum of law in support of her motion seeking an Order: (i) appointing her as lead plaintiff in this action, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approving her selection of DiCello Levitt LLP ("DiCello Levitt") as lead counsel for the class; and (iii) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

This action was filed on September 27, 2024, on behalf of all persons and entities that purchased or otherwise acquired AMMO, Inc. ("AMMO" or the "Company") securities between August 19, 2020 and September 24, 2024, inclusive (the "Class Period"), against AMMO and certain of its executives for violations of §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws. Specifically, the PSLRA requires courts to appoint as lead plaintiff the "person or group of persons" that: (i) makes a timely motion under the PSLRA's 60-day deadline; (ii) asserts the largest financial interest in the litigation; and (iii) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).

Movant is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed lead plaintiff. Her motion is timely, and her counsel knows of no other movant that claims a larger financial interest. In addition to asserting the largest financial interest, Movant also satisfies the relevant requirements of Rule 23 because her claims are typical of all members of the Class and she will fairly and adequately represent the Class. *See, infra*, §III.

Finally, Movant has retained experienced and competent counsel to represent the Class. As the "most adequate plaintiff" under the PSLRA, Movant's selection of DiCello Levitt as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

MEMORANDUM OF LAW IN SUPPORT OF SHELLY BARRILE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL - Case No. CV-24-02619-PHX-JFM

## II.   FACTUAL BACKGROUND

AMMO designs, produces, and markets ammunition and ammunition component products for public consumers, manufacturers, and law enforcement and military agencies.

The AMMO class action lawsuit alleges that Defendants, throughout the Class Period, made materially false and/or misleading statements as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company lacked adequate internal controls over financial reporting; (2) that there was a substantial likelihood the Company failed to accurately disclose all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (3) that there was a substantial likelihood the Company failed to properly characterize certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; (4) that there was a substantial likelihood the Company failed to appropriately value unrestricted stock awards to officers, directors, employees, and others in fiscal years 2020 through 2022; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On September 24, 2024, AMMO announced that its Chief Financial Officer had resigned. The Company also disclosed the instigation of an independent investigation into its internal controls to determine whether AMMO and its management had (i) accurately disclosed related party transactions for the years 2020-2023, (ii) properly characterized certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in 2021 and 2022, and (iii) appropriately valued unrestricted stock awards in years 2020 through 2022. On this news, AMMO share price fell 5.26% on unusually heavy volume.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(i). First, a

MEMORANDUM OF LAW IN SUPPORT OF SHELLY BARRILE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL - Case No. 2:24-cv-02619-JFM

plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of, among other things, the pendency of the action and the right to seek appointment as lead plaintiff within 60 days of the notice.  15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that the court shall appoint as lead plaintiff the lead plaintiff movant that it determines is "the most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B).  In making its determination as to which movant is the "most adequate plaintiff," the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the PSLRA] is the person or persons that: (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii).

**1.      Shelly Barrile's Motion for Appointment as Lead Plaintiff Is Timely**

The PSLRA allows any member or members of the class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action has been filed.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Here, notice was published on September 30, 2024, on *Business Wire*.  *See* Declaration of Thomas A. Gilson in Support of Shelly Barrile's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Gilson Decl."), Ex. A, filed concurrently herewith.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).  Class members wishing to be appointed lead plaintiff are required to file their motions no later than November 29, 2024.  Fed. R. Civ. P. 6(a)(1). Accordingly, Movant's motion is timely filed.

**2.      Movant Claims the Largest Financial Interest**

During the Class Period, Movant purchased 5,000 shares of AMMO common stock at prices artificially inflated by Defendants alleged fraud, and suffered losses exceeding $23,000 when the truth of Defendants' fraud was disclosed.  *See* Gilson Decl., Exs. B, C.  To the best of her counsel's

3

knowledge, Movant's financial interest in this matter is the largest of any lead plaintiff movant. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3.   Movant Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Movant also satisfies the requirements of Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make a preliminary showing of typicality and adequacy. *See Cavanaugh*, 306 F.3d at 730-31.

### a.   Movant's Claims Are Typical of the Claims of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). Movant's claims are typical of the Class in that she: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by Defendants; and (ii) bases her claims on the same, or substantially the same, legal theories as the Class. *Id*. Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether: (a) Defendants violated the federal securities laws; and (b) the members of the Class sustained damages and, if so, what is the proper measure of damages. These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b.   Movant Is an Adequate Representative

Courts in this Circuit, when determining whether the adequacy requirement is met, must consider whether (i) "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and (ii) "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citation omitted).

MEMORANDUM OF LAW IN SUPPORT OF SHELLY BARRILE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL - Case No. 2:24-cv-02619-JFM

Movant is an adequate lead plaintiff.  Movant and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of their alleged fraud.  Because Movant possesses a substantial financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims.

Additionally, Movant has further demonstrated her adequacy through her selection of DiCello Levitt as Lead Counsel for the proposed Class.  As discussed more fully below, DiCello Levitt is highly qualified and experienced in the area of securities class action litigation and its attorneys have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits in courts nationwide.  Moreover, as set forth in her PSLRA certification, Movant has affirmed her understanding of the PSLRA's requirements of a lead plaintiff, and her willingness to pursue this action for the benefit of the Class.  *See* Gilson Decl., Ex. B.

**B.        Movant's Selection of Lead Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.") (citation omitted).  So long as the lead plaintiff has made a "reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).  Here, Movant has selected and retained DiCello Levitt to serve as Lead Counsel.

DiCello Levitt is an esteemed plaintiffs' firm that is highly experienced in litigating complex class actions.  As further expanded upon in its firm résumé submitted with this motion, DiCello Levitt inarguably has the subject-matter experience, personnel, and financial resources to effectively prosecute this action and obtain the best outcome for the Class.  Among its more than 70 attorneys in seven offices across the United States, are dozens with, collectively, more than 200 years of experience litigating and leading securities fraud and complex financial instruments class actions. DiCello Levitt's highly experienced securities attorneys have played leading roles in some of the

5

MEMORANDUM OF LAW IN SUPPORT OF SHELLY BARRILE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL - Case No. 2:24-cv-02619-JFM

most significant securities cases since the enactment of the PSLRA, litigated some of the largest securities class actions in the United States, and prosecuted shareholder actions all over the world.

For example, DiCello Levitt attorneys have led or played a critical role in securing billions of dollars in recoveries in securities fraud class and individual actions, including, among others, *Jones, et al. v. Pfizer Inc., et al.*, Case No. 10-cv-3864 (S.D.N.Y.) ($400 million recovery); *In re Cardinal Health, Inc. Sec. Litig*., Case. No. 04-cv-575 (S.D. Ohio) ($600 million recovery); *Bennett v. Sprint Nextel Corp*., *et al.*, Case No. 09-cv-2122 (D. Kan.) ($131 million recovery); *In re CIT Grp. Inc. Sec. Litig.*, Case No. 1:08-cv-06613 (S.D.N.Y.) ($75 million recovery); and *In re MGM Mirage Sec. Litig.*, Case No. 2:09-cv-1558 (D. Nev.) ($75 million recovery).

DiCello Levitt has also been recognized by courts for its advocacy for and commitment to providing opportunities to attorneys from historically underrepresented groups. *See* Gilson Decl., Ex. D (DiCello Levitt Firm Résumé). And significantly, unlike many "litigation" firms, DiCello Levitt is a trial firm and regularly tries cases to verdict – most recently achieving a $102.6 million verdict in a class action in October 2022.

Based on the foregoing, Movant respectfully submits that she, and the other members of the proposed Class, will be well-served by DiCello Levitt leading this litigation and respectfully requests that the Court approve her selection of DiCello Levitt as Lead Counsel in this case.

## IV.    CONCLUSION

Movant (i) timely moved for appointment as lead plaintiff, (ii) has the largest financial interest in this litigation, and (iii) satisfies both the typicality and adequacy requirements of Rule 23. Moreover, Movant has retained counsel with the resources and experience necessary to adequately represent the interests of all class members. For these reasons, Movant respectfully requests that this Court grant her motion, appoint her as lead plaintiff, and approve her selection of DiCello Levitt as Lead Counsel.

DATED:  November 29, 2024

*s/ Thomas A. Gilson*
THOMAS A. GILSON

MEMORANDUM OF LAW IN SUPPORT OF SHELLY BARRILE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL - Case No. 2:24-cv-02619-JFM

Thomas A. Gilson (Bar No. 022460)
**BEUS O'CONNOR MCGRODER PLLC**
701 N. 44th St.
Phoenix, AZ  85008
Tel.: (480) 429-3000
tgilson@BOMlawgroup.com

*Local Counsel for Movant Shelly Barrile*

Brian O. O'Mara (*pro hac vice* forthcoming)
Hani Y. Farah (*pro hac vice* forthcoming)
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
briano@dicellolevitt.com
hfarah@dicellolevitt.com

Adam J. Levitt (Bar No. 038655)
**DiCELLO LEVITT LLP**
Ten North Dearborn St., Sixth Floor
Chicago, IL  60602
Tel.:  (312) 214-7900
alevitt@dicellolevitt.com

*Counsel for Movant Shelly Barrile and Proposed
Lead Counsel for the Class*

7

MEMORANDUM OF LAW IN SUPPORT OF SHELLY BARRILE'S MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL - Case No. 2:24-cv-02619-JFM

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 29, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Thomas A. Gilson*
THOMAS A. GILSON

**BEUS O'CONNOR MCGRODER PLLC**
701 N. 44th St.
Phoenix, AZ  85008
Tel.: (480) 429-3000
tgilson@BOMlawgroup.com