**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Mark D. Lammers; mdlammers@rllaz.com
State Bar No. 010335

*Liaison Counsel for Lead Plaintiff Movant Samuel Scarborough*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley,<br><br>Defendants. | Case No. 2:24-cv-02619-DJH<br><br>**MOTION OF SAMUEL SCARBOROUGH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Samuel Scarborough ("Scarborough") by and through his counsel, hereby moves this Court, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Scarborough as lead plaintiff on behalf of the Class[1]; (2) approving lead plaintiff's Selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel and Rusing Lopez & Lizardi, P.L.L.C. ("RLL") as liaison counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

In support of this motion, Scarborough submits the following Memorandum of Points and Authorities, the Declaration of Mark D. Lammers and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

## I.    PRELIMINARY STATEMENT

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that Scarborough is the "most adequate plaintiff" as defined by the PSLRA.

Scarborough believes he has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Scarborough satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Scarborough respectfully submits that he

---

[1] The "Class" consists of all persons and entities that purchased or otherwise acquired AMMO, Inc. ("AMMO," or the "Company") securities between August 19, 2020 and September 24, 2024, inclusive (the "Class Period").

is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Scarborough's selection of GPM as lead counsel and RLL as liaison counsel for the Class should be approved because the firms have substantial experience and resources to efficiently prosecute this action.

## II.      FACTUAL BACKGROUND[2]

AMMO designs, produces, and markets ammunition and ammunition component products for public consumers, manufacturers, and law enforcement and military agencies.

On September 24, 2024, after the market closed, AMMO announced that its Chief Financial Officer had resigned "at the request of the Board." Further, the Company disclosed that it is conducting an independent investigation into its "internal control over financial reporting for the fiscal years 2020 through 2023." The Company further disclosed that it had retained a law firm to conduct an independent investigation into whether the Company and its management control persons at the time: "(i) accurately disclosed all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (ii) properly characterized certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; and (iii) appropriately valued unrestricted stock awards to officers, directors, employees and others in fiscal years 2020 through 2022."Then, on August 11, 2023, AMMO issued a recall of all 209 of its battery-electric trucks that it had delivered or built after the investigation of the fire found that a coolant leak inside a battery pack had been the cause.

On this news, AMMO's stock price fell $0.13, or 6.8%, to close at $1.82 per share on August 14, 2023.

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements and well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically,

---

[2] This section has been adapted from the complaints in the above-captioned actions.

2

Defendants failed to disclose to investors: (1) that the company lacked adequate internal controls over financial reporting; (2) that there was a substantial likelihood the Company failed to accurately disclose all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (3) that there was a substantial likelihood the Company failed to properly characterize certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; (4) there was a substantial likelihood the Company failed to appropriately value unrestricted stock awards to officers, directors, employees and others in fiscal years 2020 through 2022; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Scarborough and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Scarborough Should Be Appointed As Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

3

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Scarborough has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Scarborough, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses Defendants could raise against his that would render his inadequate to represent the Class. Accordingly, Scarborough respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.   Scarborough's Motion Is Timely

On September 30, 2024, pursuant to the PSLRA, a notice was published in connection with this action. *See* Declaration of Mark D. Lammers ("Lammers Decl."), Ex. A. Therefore, Scarborough had sixty days, or until November 29, 2024, to file a motion to be appointed as Lead Plaintiff. As a purchaser of AMMO securities during the Class Period Scarborough is a member of the proposed Class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Scarborough attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Lammers Decl., Ex. B. Accordingly, Scarborough satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.   Scarborough Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial

4

interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Scarborough believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Scarborough purchased AMMO securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $911,917.41. *See* Lammers Decl., Ex. C. To the best of his knowledge, Scarborough is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Scarborough believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Scarborough Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *See Tenneson v. Nikola Corp.*, No. 23-cv-02131, 2024 WL 905244, at *3 (D. Ariz. Feb. 29, 2024). Moreover, "[o]nly factors three and four— typicality and adequacy—are relevant to the selection of lead plaintiff." *Lomingkit v. Apollo*

*Edu. Grp. Inc.*, No. 16-cv-00689, 2016 WL3345514, at *2 (D. Ariz. June 16, 2016) (citing *Cavanaugh*, 306 F.3d at 730).

### a)   Scarborough's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." "The test for typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Smilovits v. First Solar, Inc.*, No.12-cv-0555, 2012 WL 3002513, at *3 (D. Ariz. July 23, 2012) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Here, Scarborough's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Scarborough purchased AMMO securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Scarborough alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning AMMO's operations and financial prospects. Scarborough's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of AMMO securities caused by Defendants' alleged misrepresentations and omissions. Accordingly, Scarborough's interests and claims are typical of the interests and claims of the Class.

### b)   Scarborough Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." "The test for adequacy asks whether conflicts exist between the representative and class interests and whether the representative and its attorneys are able to prosecute the action vigorously on behalf of the class." *Smilovits*, 2012 WL 3002513, at *3 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, Scarborough easily satisfies the adequacy requirements. Scarborough's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy,

and "no evidence exists to suggest that [Scarborough is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Scarborough resides in Monroe, Georgia, and has been managing his own investments for approximately 5 years. Scarborough recently sold his general contracting company in 2019, and is now working as an estimator for a roofing company. Scarborough has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Lammers Decl., Ex. D & E (the firms' résumés). In addition, Scarborough is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Scarborough is adequate to represent the class and should be appointed as lead plaintiff.

### B.      The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Scarborough has retained GPM to pursue this litigation on his behalf and will retain GPM as lead counsel and RLL as liaison counsel in the event Scarborough is appointed as lead plaintiff. As reflected by the firms' résumés, attached to the Lammers Declaration as Exhibits D and E, the Court may be assured that, by granting Scarborough's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Scarborough's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Scarborough respectfully asks the Court to grant his motion and enter an Order: (1) appointing Samuel Scarborough as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel and Rusing Lopez & Lizardi, P.L.L.C. as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

7

DATED:  November 29, 2024

Respectfully submitted,

By:  */s/ Mark D. Lammers*

Mark D. Lammers
**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 N. Swan Road Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Email: mdlammers@rllaz.com

*Liaison Counsel for Lead Plaintiff Movant Samuel Scarborough and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com
        clinehan@glancylaw.com
        prajesh@glancylaw.com

*Counsel for Lead Plaintiff Movant Samuel Scarborough and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

8