Gary F. Urman (AZ 11748)
gurman@dmyl.com
**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 200
Tucson, Arizona 85716
Telephone:520-322-5000
Facsimile: 520-322-5585

*Attorneys for [Proposed] Lead Plaintiff Cary Sommerville
and [Proposed] Liaison Counsel for the Class*

James M. Wilson, Jr. (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Cary Sommerville
and [Proposed] Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:24-cv-02619-DJH |
| Plaintiff, | |
| v. | **CARY SOMMERVILLE'S MOTION FOR AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL** |
| Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that on a date and time as may be set by the Court, at the United States District Court for the District of Arizona, Cary Sommerville ("Sommerville"), by and through the undersigned counsel, hereby respectfully moves this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Sommerville as Lead Plaintiff in the above-captioned action (the "Action"); (2) approving his choice of Faruqi & Faruqi, LLP (the "Faruqi Firm") to serve as Lead Counsel and DeConcini McDonald Yetwin & Lacy, P.C. (the "DeConcini Firm") to serve as Liaison Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that Sommerville is the most adequate lead plaintiff, including on the grounds that he has timely filed a motion to be appointed lead plaintiff and has the largest financial interest in the relief sought by the Class. Further, Sommerville meets the requirements of Federal Rule of Civil Procedure 23 because his claims are typical of Class members' claims and he will fairly and adequately represent the Class. Finally, Sommerville has selected and retained the Faruqi Firm, a law firm with substantial experience in prosecuting securities fraud class actions, to serve as Lead Counsel, and the DeConcini Firm, a well-respected Arizona law firm, to serve as Liaison Counsel.

This motion is based on the accompanying Memorandum of Points and Authorities, the Urman Declaration filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

Dated: November 29, 2024

By: */s/ Gary F. Urman*
　　　Gary F. Urman

**DECONCINI MCDONALD YETWIN & LACY, P.C.**
2525 East Broadway, Suite 200
Tucson, Arizona 85716
Telephone:520-322-5000

1

Facsimile: 520-322-5585
Email: gurman@dmyl.com

*Attorneys for Proposed Lead Plaintiff
Cary Sommerville and Proposed Liaison
Counsel for the Class*

James M. Wilson, Jr.
(*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff
Cary Sommerville and [Proposed] Lead
Counsel for the Class*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................. 1

FACTUAL BACKGROUND ............................................................................... 2

ARGUMENT ...................................................................................................... 4

I.      SOMMERVILLE IS ENTITLED TO BE APPOINTED LEAD
        PLAINTIFF FOR THE CLASS .................................................................. 4

        A.      The PSLRA Standard For Appointing Lead Plaintiff ...................... 4

        B.      Under the PSLRA, Sommerville Should be Appointed Lead
                Plaintiff ........................................................................................ 5

                1.      Sommerville Filed a Timely Motion ..................................... 5

                2.      Sommerville Has the Largest Financial Interest in the
                        Relief Sought by the Class ..................................................... 6

                3.      Sommerville Meets Rule 23's Typicality and Adequacy
                        Requirements .......................................................................... 7

II.     SOMMERVILLE'S SELECTION OF COUNSEL SHOULD BE
        APPROVED ............................................................................................... 9

CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Borenstein v. Finova Grp., Inc.*,
   No. Civ. 00-619PHXSMM, 2000 WL 34524743 (D. Ariz. Aug. 30, 2000) ................. 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................................................... 7

*In re Century Aluminum Co. Sec. Litig.*,
   No. C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009) ................................ 8

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ......................... 6

*In re Diamond Foods, Inc., Sec. Litig.*,
   281 F.R.D. 405 (N.D. Cal. 2012) ................................................................................ 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .................................................................................... 7

*In re Heritage Bond Litig.*,
   No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004) ................. 7

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009) ................................................................................ 7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...................................................................... 6

*Miller v. Ventro Corp.*,
   No. 01-CV-1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) .............................. 8

*Montag v. Volkswagen AG*,
   No. 2:21-cv-03678-MCS-AS, 2021 WL 3930607 (C.D. Cal. July 21, 2021) .............. 5

*Query v. Maxim Integrated Prods., Inc.*,
   558 F. Supp. 2d 969 (N.D. Cal. 2008) ........................................................................ 6

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014) .......................................................................... 9

*Schriver v. Impac Mortg. Holdings, Inc.*,
   No. SACV 06-31 CJC (RNBx), 2006 WL 6886020 (C.D. Cal. May 2, 2006) ............ 5

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) ................................................................................ 7

*Weisz v. Calpine Corp.*,
 No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) .........................7-8

*Zak v. Chelsea Therapeutics Int'l, LTD.*,
 780 F.3d 597 (4th Cir. 2015) ................................................................................ 10

**Statutes**

15 U.S.C. § 78u-4(a)......................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ................................................................................................. 8

Anne Cullen,
 More Judges Are Demanding Diversity Among Class Counsel,
 Law360 (July 16, 2020) ............................................................................................ 11

Ralph Chapoco,
 Calls for Lawyer Diversity Spread to Complex Class Litigation,
 Bloomberg Law (July 30, 2020) ................................................................................ 11

## MEMORANDUM OF LAW

Sommerville hereby moves this Honorable Court for an order: pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), for the entry of an order appointing Sommerville as Lead Plaintiff for the Action and approving Sommerville's selection of the Faruqi Firm as Lead Counsel.[1]

Sommerville has timely filed his motion and he is the "most adequate plaintiff" under the rules of the PSLRA. Moreover, Sommerville meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this motion as his claims are typical of the other purported class members' claims and he will fairly and adequately represent the putative class. Sommerville also seeks the Court's approval of his selection of the Faruqi Firm, a law firm with substantial experience in prosecuting securities fraud class actions, as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and the DeConcini Firm as Liaison Counsel.

## PRELIMINARY STATEMENT

The Action presently pending before this Court is brought on behalf of persons and entities that purchased or otherwise acquired AMMO, Inc. ("AMMO" or the "Company," together with Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley, the "Defendants") securities between August 19, 2020 and September 24, 2024, inclusive (the "Class Period"), which seek to recover damages caused by Defendants' violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission Rule 10b-5, promulgated thereunder.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The

---

[1] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of Gary Urman filed herewith.

1

"most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $65,429.93, Sommerville, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Sommerville also satisfies Rule 23's typicality and adequacy requirements. Sommerville's claims are typical of the Class's claims because he suffered losses on their AMMO investment as a result of Defendants' false and misleading statements. Further, Sommerville has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Sommerville is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Sommerville is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Sommerville has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience. Sommerville has engaged the DeConci Firm to serve as Liaison Counsel.

For the reasons summarized above and those explained more fully below, Sommerville's motion should be granted in its entirety.

## FACTUAL BACKGROUND[2]

AMMO designs, produces, and markets ammunition and ammunition component products for public consumers, manufacturers, and law enforcement and military agencies. ¶ 17. AMMO is incorporated under the laws of Delaware with its principal executive

---

[2] Unless otherwise noted, all references to "¶ __" are to the Class Action Complaint for Violations of the Federal Securities Laws. ECF No. 1.

2

offices located in Scottsdale, Arizona. ¶ 12. The Company's common stock trades on the NASDAQ exchange under the symbol "POWW." *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the company lacked adequate internal controls over financial reporting; (2) that there was a substantial likelihood the Company failed to accurately disclose all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (3) that there was a substantial likelihood the Company failed to properly characterize certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; (4) that there was a substantial likelihood the Company failed to appropriately value unrestricted stock awards to officers, directors, employees and others in fiscal years 2020 through 2022; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 5.

On September 24, 2024, after the market closed, AMMO announced that its Chief Financial Officer had resigned "at the request of the Board." ¶ 3. Further, the Company disclosed that it is conducting an independent investigation into its "internal control over financial reporting for the fiscal years 2020 through 2023." *Id.* The Company further disclosed that it had retained a law firm to conduct an independent investigation into whether the Company and its management control persons at the time: "(i) accurately disclosed all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (ii) properly characterized certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; and (iii) appropriately valued

3

unrestricted stock awards to officers, directors, employees and others in fiscal years 2020 through 2022." *Id*.

On this news, the Company's share price fell $0.08, or 5.26%, to close at $1.44 per share on September 25, 2024, on unusually heavy trading volume. ¶ 4.

Through the Action, Sommerville seeks to recover for himself and absent Class members the substantial losses that were suffered as a result of Defendants' false and misleading statements.

**ARGUMENT**

**I.** **SOMMERVILLE IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

**A.** **The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that, within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service informing class members of their right to move the Court for appointment as lead plaintiff within 60 days of the publication. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Borenstein v. Finova Grp., Inc.*, No. Civ. 00-619PHXSMM, 2000 WL 34524743, at *6 (D. Ariz. Aug. 30, 2000).

Once it is determined who among the movants seeking appointment as Lead Plaintiff is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Borenstein*, 2000 WL 34524734, at *6; *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *2 (C.D. Cal. May 2, 2006) (same).

**B.    Under the PSLRA, Sommerville Should be Appointed Lead Plaintiff**

As discussed below, Sommerville should be appointed Lead Plaintiff because all of the PSLRA's procedural requirements have been satisfied, Sommerville holds the largest financial interest of any movant, and Sommerville otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.    Sommerville Filed a Timely Motion**

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Arias Larmay published notice of the lead plaintiff deadline via *Business Wire* on September 30, 2024. *See* Ex. A *see also Montag v. Volkswagen AG*, No. 2:21-cv-03678-MCS-AS, 2021 WL 3930607, at *2 (C.D. Cal. July 21, 2021) (considering publication in *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement). Any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before November 29, 2024. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, Sommerville's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Sommerville timely signed and submitted the requisite certification, identifying all of his relevant

5

AMMO trades during the Class Period and detailing Sommerville's suitability to serve as Lead Plaintiff in this case. *See* Ex. B. The PSLRA's procedural requirements have therefore been met**.**

### 2. Sommerville Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) ("The fourth factor, approximate loss, is generally considered the most important factor."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) ("Courts applying the *Olsten* test generally place the greatest emphasis on the last of these factors[,]" *i.e.*, approximate losses).

Overall, during the Class Period, Sommerville purchased 56,000 net shares and 309,821 total shares of AMMO common stock, expended $140,766.52 in net funds and suffered losses of approximately $65,429.93 when calculated using a last in, first out ("LIFO") methodology. *See* Ex. C. Sommerville is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. Sommerville Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 671 (C.D. Cal. 2005) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

When assessing a movant's typicality, courts in this Circuit consider whether the other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009). However, a movant's claims are typical "if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see also In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Sommerville's claims are clearly typical of the Class's claims. Sommerville purchased AMMO shares during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against AMMO and certain of its officers under the federal securities laws. Because the factual and legal bases of Sommerville's claims are similar, if not identical, to those of the Class's claims, Sommerville necessarily satisfies the typicality requirement. *Weisz v. Calpine Corp.*, No.

7

4:02-CV-1200, 2002 WL 32818827, at *9 (N.D. Cal. Aug. 19, 2002) (finding movant typical when he "acquired securities during the Class Period, at prices allegedly inflated by the defendants' misconduct, and sustained damages as a result.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the movant, the movant has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive. *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *12 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.")

As evidenced by the representations in his certification, *see* Ex. B; *In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *4 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff), Sommerville's interests are perfectly aligned with—and by no means antagonistic to—the Class. Contemporaneously with the filing of the instant motion, Sommerville has submitted a Declaration with additional information about himself, his work and educational background, and experience investing, clearly demonstrating his adequacy to represent class members. *See* Ex. D. Sommerville has a bachelor's degree in accounting from Northern Michigan University. *Id.* at ¶ 3. Sommerville currently works as a Financial Planning and Analysis Manager at Star Valley Health. *Id.* at ¶ 4. Sommerville has been investing in the stock market for approximately 8 years and manages his own investments. *Id.* at ¶ 5.

Moreover, Sommerville has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained in Section II below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. E. Consequently, Sommerville is more

8

than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Sommerville respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.    SOMMERVILLE'S SELECTION OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiffs are entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Sommerville has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. E; *see also Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases.").

For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (where, as sole lead counsel, the firm obtained final approval of $19.5 million settlement); *In re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $13.95 million settlement); *Lowthorp v. Mesa Air Grp., Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-

9

01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD.*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, LTD.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtaining a recovery of more than $930 million for the benefit of the Company, and negotiating important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel and recovering a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Wayne v. Maxeon Solar Techs., Ltd.*, No. 24-cv-03869-EMC (N.D. Cal.) (appointed sole lead counsel for the class); *Labelle v. Future FinTech Grp., Inc.*, No. 2:24-cv-00247-JXN-JSA (D.N.J.) (appointed sole lead counsel for the class); *Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the

10

class of NewAge, Inc. shareholders); *Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Alms v. Luminar Techs., Inc.*, No. 6:23-cv-982-JSS-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Wang v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 3:21-cv-09585-AMO (N.D. Cal.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[3] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[4] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com /our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal

---

[3]    *See* Ex. F (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business).

[4]    *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

11

professionals and strongly believes that its clients are better served because of it.

Further, Sommerville requests that the DeConcini Firm be appointed Liaison Counsel. The DeConcini Firm has extensive experience litigating and serving as liaison counsel in all manner of civil and commercial cases in state and federal courts throughout Arizona. *See* Ex. G. Gary F. Urman, who will serve as local liaison counsel to the Faruqi Firm, is a shareholder in the DeConcini Firm and has practiced general civil and commercial litigation in Arizona since 1987. The DeConcini Firm maintains offices in Phoenix and Tucson and offers state- of-the-art resources for communication, document control, research and litigation support to allow for efficient local assistance to the Lead Counsel. *See id.*

<b>CONCLUSION</b>

For the foregoing reasons, Sommerville respectfully requests that the Court: (1) appoint Sommerville as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel and the DeConcini Firm as Liaison Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated: November 29, 2024                    By: */s/ Gary F. Urman*
                                                 Gary F. Urman

                                            **DECONCINI MCDONALD YETWIN
                                            & LACY, P.C.**
                                            2525 East Broadway, Suite 200
                                            Tucson, Arizona 85716
                                            Telephone:520-322-5000
                                            Facsimile: 520-322-5585
                                            Email: gurman@dmyl.com

                                            *Attorneys for Proposed Lead Plaintiff
                                            Cary Sommerville and Proposed Liaison
                                            Counsel for the Class*

                                            James M. Wilson, Jr.
                                            (*pro hac vice* forthcoming)
                                            **FARUQI & FARUQI, LLP**
                                            685 Third Avenue, 26th Floor
                                            New York, NY 10017

12

Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice forthcoming*)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Cary Sommerville and [Proposed] Lead Counsel for the Class*

13