Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

*Counsel for Movants Dmitry Cherches and*
*Irene Zvagelsky and Proposed  Liaison Counsel*
*for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley,<br><br>Defendants. | Case No. CV-24-02619-PHX-DJH<br><br>Hon. Diane J. Humetewa<br><br>**MOTION OF DMITRY CHERCHES AND IRENE ZVAGELSKY FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-24-02619-PHX-DJH

# TABLE OF CONTENTS

MOTION ............................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................2

    I.       PRELIMINARY STATEMENT ..........................................................................2

    II.      STATEMENT OF FACTS ...................................................................................3

    III.    ARGUMENT ......................................................................................................5

        A.    THE COURT SHOULD APPOINT CHERCHES AND ZVAGELSKY AS CO-LEAD PLAINTIFFS ................................................ 5

            1.    Cherches and Zvagelsky Are Willing to Serve as Class Representatives ..................................................................................6

            2.    Cherches and Zvagelsky Have the "Largest Financial Interest" ......7

            3.    Cherches and Zvagelsky Otherwise Satisfy Rule 23's Requirements.....................................................................................8

            4.    Cherches and Zvagelsky Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses.....11

        B.    THE COURT SHOULD APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL................................................................... 11

    IV.    CONCLUSION ..................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Duncan et al. v. Joy Global Inc.*,
   No. 2:16-cv-1229-pp (E.D. Wis.) ...................................................................................13

*Esparza v. SmartPay Leasing, Inc.*,
   No. C 17-03421 WHA, 2019 WL 2372447 (N.D. Cal. June 5, 2019) ...................................9

*Hall v. Medicis Pharm. Corp.*,
   No. CV08-1821PHX-GMS, 2009 WL 648626 (D. Ariz. Mar. 11, 2009) ...............................9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001).................................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ......................7

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................................7

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) .........................................................................................9

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...............................................................................7

*Lax v. First Merchants Acceptance Corp*
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)...................................................7

*Lerman v. Apple, Inc.*,
   No. 15-CV-07381 (E.D.N.Y.).............................................................................................13

*Nicolow v. Hewlett Packard Co.*,
   No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .........................................7

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D.
   Cal. Apr. 26, 2001).............................................................................................................12

*Smilovits v. First Solar, Inc.*,
   No. 12-cv-555, 2012 WL 3002513 (D. Ariz. July 23, 2012)..................................................8

*Staton v. Boeing Co.*,
     327 F.3d 938 (9th Cir. 2003) ...................................................................................................10

*Tsirekidze v. Syntax-Brillian Corp.*,
     No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ...............................9

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23.................................................................................................... *passim*

**MOTION**

Dmitry Cherches ("Cherches") and Irene Zvagelsky ("Zvagelsky"), by and through their counsel, will and do hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Cherches and Zvagelsky as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired AMMO, Inc. ("AMMO" or the "Company") securities between August 19, 2020 and September 24, 2024, inclusive (the "Class Period"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and Bronstein, Gewirtz & Grossman, LLC ("BG&G") as Co-Lead Counsel and Keller Rohrback L.L.P. ("Keller Rohrback") as Liaison Counsel for the Class.  In support of this motion, Cherches and Zvagelsky submit a Memorandum of Points and Authorities, the Declaration of Jeremy A. Lieberman submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

This motion is made on the grounds that Cherches and Zvagelsky believe that they are the "most adequate" plaintiffs of the Class within the meaning of the PSLRA and that the PSLRA therefore mandates their appointment as Co-Lead Plaintiffs.  Specifically, Cherches and Zvagelsky believe that they have the "largest financial interest" in the relief sought by the Class in the above-captioned action (the "Action") by virtue of, *inter alia*, the number of AMMO shares that they collectively purchased during the Class Period and retained at the end of the Class Period, and the significant losses that they collectively incurred in connection with their Class Period transactions in AMMO securities as a result of the fraud alleged in the

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-24-02619-PHX-DJH
1

Action. Cherches and Zvagelsky also satisfy the applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because their claims are typical of those of other Class members, and they will fairly and adequately represent the Class's interests. Further, the PSLRA vests authority in lead plaintiffs to select and retain counsel for the Class, subject to the approval of the Court. Cherches and Zvagelsky's choice of counsel, with Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute the Action effectively and expeditiously under Cherches and Zvagelsky's direction.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the Action alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. AMMO investors, including Cherches and Zvagelsky, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused the prices of AMMO securities to fall sharply, damaging Cherches, Zvagelsky, and other AMMO investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Cherches and Zvagelsky collectively purchased 787,409 shares of AMMO common stock, 52 shares of AMMO 8.75% Series A cumulative redeemable perpetual preferred stock ("Preferred Stock"), and 14,031 AMMO options contracts; expended $3,918,833 on these transactions; retained 166,000 of their shares of AMMO common stock and 1,660 open

AMMO options contracts; and as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $1,468,882.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibits ("Exs.") A-B.  Accordingly, Cherches and Zvagelsky believe that they have the largest financial interest in the relief sought in this Action. Beyond their considerable financial interest, Cherches and Zvagelsky also meet the applicable requirements of Rule 23 because their claims are typical of those of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Cherches and Zvagelsky have selected Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.  These firms' attorneys are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Cherches and Zvagelsky respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint in the Action, AMMO designs, produces, and markets ammunition and ammunition component products for public consumers, manufacturers, and law enforcement and military agencies.  Dkt. No. 1 ¶ 2.

On September 24, 2024, after the market closed, AMMO announced that its Chief

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-24-02619-PHX-DJH

3

Financial Officer had resigned "at the request of the Board." *Id.* ¶ 3. Further, the Company disclosed that it was conducting an independent investigation into its "internal control over financial reporting for the fiscal years 2020 through 2023." *Id.* The Company further disclosed that it had retained a law firm to conduct an independent investigation into whether the Company and its management control persons at the time: "(i) accurately disclosed all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (ii) properly characterized certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; and (iii) appropriately valued unrestricted stock awards to officers, directors, employees, and others in fiscal years 2020 through 2022." *Id.*

On this news, the Company's share price fell $0.08, or 5.26%, to close at $1.44 per share on September 25, 2024, on unusually heavy trading volume. *Id.* ¶ 4.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that the Company lacked adequate internal controls over financial reporting; (2) that there was a substantial likelihood the Company failed to accurately disclose all executive officers, members of management, and potential related party transactions in fiscal years 2020 through 2023; (3) that there was a substantial likelihood the Company failed to properly characterize certain fees paid for investor relations and legal services as reductions of proceeds from capital raises rather than period expenses in fiscal years 2021 and 2022; (4) there was a substantial likelihood the

Company failed to appropriately value unrestricted stock awards to officers, directors, employees, and others in fiscal years 2020 through 2022; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Cherches, Zvagelsky, and other Class members have suffered significant losses and damages. *See id.* ¶ 6.

## III.   ARGUMENT

### A.   THE COURT SHOULD APPOINT CHERCHES AND ZVAGELSKY AS CO-LEAD PLAINTIFFS

Cherches and Zvagelsky should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve

as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Cherches and Zvagelsky satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1.    Cherches and Zvagelsky Are Willing to Serve as Class Representatives

On September 30, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against AMMO and other defendants, and advising investors in AMMO securities that they had 60 days from the date of the Notice's publication—*i.e.*, until November 29, 2024—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. C.

Cherches and Zvagelsky have filed the instant motion pursuant to the Notice, and they have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Cherches and Zvagelsky satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

## 2.    Cherches and Zvagelsky Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Cherches and Zvagelsky have the largest financial interest of any AMMO investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in the Ninth Circuit.  *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test[.]"); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Of the *Lax* factors, courts in the Ninth Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d. at 1163.

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Cherches and Zvagelsky collectively: (1) purchased 787,409 shares of AMMO common stock, 52 shares of AMMO Preferred Stock, and 14,031 AMMO options contracts; (2) expended $3,918,833 on their transactions in AMMO securities; (3) retained 166,000 of their shares of AMMO common stock and 1,660 open AMMO options contracts; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $1,468,882 in connection with their Class Period transactions in AMMO securities. *See* Lieberman Decl., Exs. A-B. To the extent that Cherches and Zvagelsky possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Cherches and Zvagelsky Otherwise Satisfy Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether lead plaintiff movants satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that movants satisfy the requirements of Rule 23 is sufficient. *See Smilovits v. First Solar, Inc.*, No. 12-cv-555, 2012 WL 3002513, at *3 (D. Ariz. July 23,

2012); *see also Hall v. Medicis Pharm. Corp.*, No. CV08-1821PHX-GMS, 2009 WL 648626, at *2-3 (D. Ariz. Mar. 11, 2009) (noting at this stage of the litigation only a "preliminary showing" of typicality and adequacy is required). Moreover, "[o]nly two requirements of Rule 23, . . . 'typicality' and 'adequacy,' are relevant to the selection of lead plaintiff" under the PSLRA. *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *2 (D. Ariz. Apr. 7, 2008) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).

"'[T]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct.'" *Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA, 2019 WL 2372447, at *4 (N.D. Cal. June 5, 2019) (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Cherches and Zvagelsky's claims are typical of those of the Class. Cherches and Zvagelsky allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning AMMO, or by omitting to state material facts necessary to make the

statements they did make not misleading.  Cherches and Zvagelsky, like other Class members, purchased AMMO securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove AMMO's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Cherches and Zvagelsky are adequate representatives for the Class.  Here, there is no evidence of antagonism or conflict between Cherches and Zvagelsky's interests and those of the Class, Cherches and Zvagelsky have submitted sworn Certifications declaring their respective commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. B), and their significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.  Moreover, as set forth in greater detail below, Cherches and Zvagelsky have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison

Counsel to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating their adequacy, Cherches and Zvagelsky are siblings that have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Cherches and Zvagelsky Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption favoring Cherches and Zvagelsky's appointment as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

Cherches and Zvagelsky's ability and desire to fairly and adequately represent the Class has been discussed above. Cherches and Zvagelsky are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Cherches and Zvagelsky should be appointed Co-Lead Plaintiffs for the Class.

### B. THE COURT SHOULD APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to

the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4.

Here, Cherches and Zvagelsky have selected Pomerantz and BG&G as Co-Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Lieberman Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class.  *See id.*

BG&G is also highly experienced in the areas of securities litigation and class actions, having served in co-lead or executive positions in: *Lerman v. Apple, Inc.*, No. 15-CV-07381 (E.D.N.Y.) (co-lead counsel; $20 million settlement of class action by New York and New Jersey iPhone 4S owners); *In re Flint, Mich. Water Crisis Litigation*, No. 16-CV-10444 (E.D. Mich.) (Plaintiff Executive Committee Member; global settlement with State of Michigan for approximately $600 million); *In re Spectrum Pharm., Inc. Inc. Sec. Litigation*, No. 16-CV-02279 (D. Nev.) (co-lead counsel; case settled for approximately $3 million); *M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*, No. 17-cv-1479-PA (C.D. Cal.) (co-lead counsel in securities class action); *Duncan et al. v. Joy Global Inc.*, No. 2:16-cv-1229-pp (E.D. Wis.) (co-lead counsel in securities class action; $20 million settlement for the class); and *In re CBD Energy Limited Securities Litigation*, No. 4:15-cv-01668 (S.D. Tex.) (co-lead counsel in securities class action). *See* Lieberman Decl., Ex. F.

In addition, Keller Rohrback is well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Keller Rohrback maintains an office in Phoenix, Arizona, where this Court is situated, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. G. Keller Rohrback's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the local civil rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Cherches and Zvagelsky's choice of counsel, with Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel, have the skill,

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-24-02619-PHX-DJH
13

knowledge, expertise, and experience that will enable these firms to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving Cherches and Zvagelsky's selection of Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Cherches and Zvagelsky respectfully request that the Court issue an Order: (1) appointing Cherches and Zvagelsky as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.

Dated:  November 29, 2024

Respectfully submitted,

*/s/ Gary Gotto*
Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Counsel for Movants Dmitry Cherches and Irene Zvagelsky and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for Movants Dmitry Cherches and Irene Zvagelsky and Proposed Co-Lead Counsel for the Class*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


*/s/ Gary Gotto*
Gary Gotto

MOTION & MEMORANDUM OF POINTS AND AUTHORITIES
CV-24-02619-PHX-DJH
16