Brian O. O'Mara (*pro hac vice* forthcoming)
Hani Y. Farah (*pro hac vice* forthcoming)
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel. (619) 923-3939
briano@dicellolevitt.com
hfarah@dicellolevitt.com

Adam J. Levitt (Bar No. 038655)
**DiCELLO LEVITT LLP**
Ten North Dearborn Str., Sixth Floor
Chicago, IL  60602
Tel.: (312) 214-7900
alevitt@dicellolevitt.com

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARIAS LARMAY, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMMO, INC., FRED W. WAGENHALS, JARED R. SMITH, AND ROBERT D. WILEY;<br><br>                    Defendants. | Case No. CV-24-02619-PHX-JFM<br><br>**SHELLY BARRILE'S RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF** |

On November 29, 2024, Shelly Barrile ("Barrile") filed a motion, pursuant to the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Barrile as Lead Plaintiff; and (2) approving Barrile's selection of Lead Counsel.  ECF No. 16.  In addition to Barrile's motion, several other motions for appointment as lead plaintiff are currently pending before the Court.

Pursuant to the PSLRA, courts are to adopt a presumption that the applicant with the largest financial interest in the relief sought by the class, so long as that applicant also satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23, is the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii).  While Barrile suffered significant losses on her Class Period purchases of AMMO, Inc. ("AMMO" or the "Company") securities and unquestionably satisfies Rule 23's adequacy and typicality requirements, at this stage she recognizes that other movants appear to have claimed larger losses.  If the Court determines that, for any reason, the competing movants do not possess the largest financial interest in the relief sought by the class or fail to satisfy Rule 23's typicality and adequacy requirements for appointment as lead plaintiff, Barrile should be appointed Lead Plaintiff.

For example, the group of investors that includes Dmitry Cherches ("Cherches") and Irene Zvagelsky ("Zvagelsky") inflated its claimed financial interest over $1.5 million as the group claims losses that are not recoverable.  *See* Declaration of Thomas A. Gilson in Support of Shelly Barrile's Response to Competing Motions for Appointment as Lead Plaintiff ("Gilson Decl."), Ex. A; *Xu v. FibroGen, Inc.*, No. 21-cv-02623, 2021 WL 3861454, at *5 (N.D. Cal. Aug. 30, 2021) ("In response to *Dura* [*Pharms. Inc. v. Broudo*, 544 U.S. 336 (2005)], many district courts . . . have chosen 'not to consider losses resulting from stock trades that occurred prior to any disclosure of the defendant's fraud' when evaluating potential plaintiffs' financial interests in the litigation.") (footnote omitted) (citation omitted).  And group member Cherches appears to suffer from trading deficiencies that may render him inadequate under Rule 23.  Indeed, Cherches purchased and sold more than 615,000 shares of AMMO common stock before the disclosure of the truth, *see* Gilson Decl., Ex. A; ECF No. 1, ¶¶3-4, leaving him holding only 57,800 shares that were affected by the alleged fraud.  And

SHELLY BARRILE'S RESPONSE TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. CV-24-02619-PHX-JFM

Cherches's options transactions resulted in a significant gain greater than the *Dura* losses he and Zvagelsky incurred. *See* ECF No. 20-1 at 1; Gilson Decl., Ex. A. Moreover, Cherches's in and out trading pattern and large number of transactions during the Class Period indicates he is a "day trader," which raises "serious concerns" about his typicality and can subject him to unique defenses. *See* ECF No. 20-1; *Applestein v. Medivation, Inc.*, No. C 10-00998, 2010 WL 3749406, at *3 (N.D. Cal. Sept.20, 2010) (in and out trading can "raise serious concerns about [an investor's] typicality and about his susceptibility to the defense that he was trading in response to information other than the alleged misstatements and omissions made by [the company]").

By contrast, Barrile possesses a *Dura*-compliant loss, does not suffer from any trading issues that would render her inadequate or atypical, and remains ready and willing to serve as Lead Plaintiff.

DATED: December 13, 2024

*s/ Thomas A. Gilson*
THOMAS A. GILSON

Thomas A. Gilson (Bar No. 022460)
**BEUS O'CONNOR MCGRODER PLLC**
701 N. 44th St.
Phoenix, AZ  85008
Tel.: (480) 429-3000
tgilson@BOMlawgroup.com

*Local Counsel for Movant Shelly Barrile*

Brian O. O'Mara (*pro hac vice* forthcoming)
Hani Y. Farah (*pro hac vice* forthcoming)
**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
briano@dicellolevitt.com
hfarah@dicellolevitt.com

Adam J. Levitt (Bar No. 038655)
**DiCELLO LEVITT LLP**
Ten North Dearborn St., Sixth Floor
Chicago, IL  60602
Tel.:  (312) 214-7900
alevitt@dicellolevitt.com

*Counsel for Movant Shelly Barrile and Proposed Lead Counsel for the Class*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 13, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Thomas A. Gilson*
THOMAS A. GILSON

**BEUS O'CONNOR MCGRODER PLLC**
701 N. 44th St.
Phoenix, AZ  85008
Tel.: (480) 429-3000
tgilson@BOMlawgroup.com
