Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

*Counsel for Movants Dmitry Cherches and
Irene Zvagelsky and Proposed  Liaison Counsel
for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley,<br><br>Defendants. | Case No. CV-24-02619-PHX-DJH<br><br>Hon. Diane J. Humetewa<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF DMITRY CHERCHES AND IRENE ZVAGELSKY FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS** |

MEMORANDUM OF POINTS AND AUTHORITIES
CV-24-02619-PHX-DJH

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................1

II.   ARGUMENT ........................................................................................................4

      A.    CHERCHES AND ZVAGELSKY SHOULD BE APPOINTED
            CO-LEAD PLAINTIFFS.........................................................................4

            1.    Cherches and Zvagelsky Have the "Largest Financial Interest".................5

            2.    Cherches and Zvagelsky Satisfy Rule 23's Applicable Requirements........6

      B.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD
            BE APPROVED.........................................................................................10

      C.    THE COMPETING MOTIONS SHOULD BE DENIED .......................................10

III.  CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alich v. Opendoor Techs. Inc.*,
  No. CV-22-01717-PHX-MTL, 2023 WL 1472849 (D. Ariz. Feb. 2, 2023) ...................... 1, 5

*Borteanu v. Nikola Corporation*,
  562 F. Supp. 3d 174 (D. Ariz. 2021) ........................................................................... 3, 8

*Esparza v. SmartPay Leasing, Inc.*,
  No. C 17-03421 WHA, 2019 WL 2372447 (N.D. Cal. June 5, 2019) ............................... 2, 6

*Hall v. Medicis Pharm. Corp.*,
  No. CV08-1821PHX-GMS, 2009 WL 648626 (D. Ariz. Mar. 11, 2009) .......................... 4, 6

*Harari v. PriceSmart, Inc.*,
  No. 19-CV-958 JLS (LL), 2019 WL 4934277 (S.D. Cal. Oct. 7, 2019) ............................... 7

*Hodges v. Akeena Solar, Inc.*,
  263 F.R.D. 528 (N.D. Cal. 2009) .................................................................................... 4, 9

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ............................................ 5

*In re Surebeam Corp. Sec. Litig.*,
  No. 03 CV 1721JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) ............................... 9

*Karinski v. Stamps.com, Inc.*,
  No. CV 19-1828-R, 2019 WL 8013753 (C.D. Cal. June 5, 2019) ..................................... 3, 7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ......................................................................... 2, 5

*McGee v. Am. Oriental Bioengineering, Inc.*,
  No. 2:12-CV-5476-SVW-SH, 2012 WL 12895668 (C.D. Cal. Oct. 16, 2012)...................... 2

*Osher v. Guess?, Inc.*,
  No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001)...................... 10

*Peters v. Colony Credit Real Estate, Inc.*,
  No. CV 20-8305 PSG, 2020 WL 11884392 (C.D. Cal. Dec. 11, 2020)............................. 3, 8

*Petrie v. Elec. Game Card, Inc.*,
    No. SACV10-0252DOCRNBX, 2010 WL 2292288 (C.D. Cal. June 4, 2010).......................9

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ................................5

*Sabbagh v. Cell Therapeutics, Inc.*,
    No. C10-414MJP, 2010 WL 3064427 (W.D. Wash. Aug. 2, 2010)...................................4, 8

*Smilovits v. First Solar, Inc.*,
    No. 12-cv-555, 2012 WL 3002513 (D. Ariz. July 23, 2012)...............................................4, 6

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005).........................................................................................5

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) .......................................................................................3, 6

**Statutes**

15 U.S.C. § 78u-4 ..............................................................................................*passim*

Private Securities Litigation Reform Act of 1995....................................................*passim*

Securities Exchange Act of 1934 ............................................................................7

**Rules**

Fed. R. Civ. P. 23...............................................................................................*passim*

Movants Cherches and Zvagelsky[1] respectfully submit this Memorandum of Points and Authorities in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their selection of Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel (Dkt. No. 19); and in opposition to the competing motions of: (i) Dirgesh Patel ("Patel") (Dkt. No. 15); (ii) Shelly Barrile ("Barrile") (Dkt. No. 16); and (iii) Samuel Scarborough ("Scarborough") (Dkt. No. 17).[2]

## I.    PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in AMMO securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant or group of movants with the greatest financial interest in the outcome of the Action; and that satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are Cherches and Zvagelsky, who incurred a collective loss of approximately **$1.47 million** in connection with their Class Period transactions in AMMO securities.  *See* Dkt. No. 20-1.  Although the PSLRA does not define "financial interest," courts in the Ninth Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered.  *See Alich v. Opendoor Techs. Inc.*, No. CV-22-01717-PHX-

---

[1] All capitalized terms herein are defined in Cherches and Zvagelsky's motion and moving brief, unless otherwise indicated.  *See* Dkt. No. 19.

[2] Initially, one other putative Class member, Cary Sommerville ("Sommerville"), filed a similar competing motion.  *See* Dkt. No. 18.  On December 12, 2024, Sommerville filed a notice of his non-opposition to the competing motions.  Dkt. No. 21.

MTL, 2023 WL 1472849, at *3 (D. Ariz. Feb. 2, 2023) (equating financial interest with monetary loss); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163-65 (C.D. Cal. 2015) (emphasizing approximate loss in assessing financial interest). The table below sets forth the respective claimed losses of the competing movants:

| Movant | Loss |
|---|---|
| Cherches and Zvagelsky | $1,468,882 |
| Scarborough | $911,917 |
| Patel | $628,535[3] |
| Barrile | $23,123 |

As the above table reflects, Cherches and Zvagelsky have claimed the largest aggregate loss among the competing movants by a significant margin. Moreover, Cherches *individually* incurred a loss of approximately ***$1.15 million*** (*see* Dkt. No. 20-1), which is likewise significantly larger than any competing movant's claimed loss. As such, it cannot reasonably be disputed that Cherches and Zvagelsky have the largest financial interest in this Action within the meaning of the PSLRA.

In addition to their significant financial interest, Cherches and Zvagelsky also strongly satisfy Rule 23's typicality and adequacy requirements. Their claims in this Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA, 2019 WL 2372447, at *4 (N.D.

---

[3] Patel claims a loss of approximately $628,535 calculated on a last-in, first out basis ("LIFO"), or $629,521 calculated on a first-in, first-out basis. Most courts agree "that LIFO is the most appropriate technique for approximating which investor suffered the greatest losses because of Defendants' wrongdoing." *McGee v. Am. Oriental Bioengineering, Inc.*, No. 2:12-CV-5476-SVW-SH, 2012 WL 12895668, at *4 (C.D. Cal. Oct. 16, 2012). Regardless the methodology used by Patel in calculating his claimed losses, Cherches and Zvagelsky's loss is clearly larger.

Cal. June 5, 2019) (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)).  Cherches and Zvagelsky are aware of no conflict between their interests and those of the Class, the losses they incurred because of Defendants' alleged fraud gives them a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, and as discussed in further detail below, they have retained qualified and experienced counsel to serve as Co-Lead Counsel and Liaison Counsel for the Class.  *See Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019).

Moreover, Cherches and Zvagelsky are siblings that have submitted a detailed Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, as well as their understanding of and readiness to collaboratively shoulder the responsibilities of a lead plaintiff appointed pursuant to the PSLRA.  *See generally* Dkt. No. 20-4.  Accordingly, they are exactly the kind of small and cohesive pairing with a pre-litigation relationship that the PSLRA and courts in the Ninth Circuit, including in this District, expressly permit to serve as co-lead plaintiffs in securities class actions.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person **or group of persons** that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *Borteanu v. Nikola Corporation*, 562 F. Supp. 3d 174, 187 (D. Ariz. 2021) (appointing movant group that submitted a joint declaration attesting to, *inter alia*, their backgrounds, investing experience, understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, and ability to work together on behalf of the class); *Peters v. Colony Credit Real Estate, Inc.*, No. CV 20-8305 PSG (PVCx), 2020 WL 11884392, at *4 (C.D. Cal. Dec. 11, 2020) (same).

Moreover, because Cherches individually claims a significantly larger loss than any competing movant, Cherches and Zvagelsky's appointment as Co-Lead Plaintiffs would likewise ensure that the individual movant with the largest financial interest in this litigation is appointed to a Lead Plaintiff role. *See Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 WL 3064427, at *7 (W.D. Wash. Aug. 2, 2010) ("The Court's confidence . . . is further bolstered by the fact that it does not appear that this group was assembled merely for the purpose of aggregating their losses in order to surpass the financial interests of any of the other applicants."); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (appointing co-lead plaintiffs where "it is not necessary for the members of the [movant group] to aggregate themselves in order to overcome the largest stake requirement").

For the reasons set forth herein, Cherches and Zvagelsky respectfully submit that their motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    CHERCHES AND ZVAGELSKY SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. *See Smilovits v. First Solar, Inc.*, No. 12-cv-555, 2012 WL 3002513, at *3 (D. Ariz. July 23, 2012); *see also Hall v. Medicis Pharm. Corp.*, No. CV08-1821PHX-GMS, 2009 WL 648626, at *2-3 (D. Ariz. Mar. 11, 2009) (noting at this stage of the

litigation only a "preliminary showing" of typicality and adequacy is required). Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive most adequate plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate Class representatives are Cherches and Zvagelsky.

### 1.    Cherches and Zvagelsky Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Ninth Circuit, including in this District specifically, and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Alich*, 2023 WL 1472849, at *3 (equating financial interest with monetary loss); *Knox*, 136 F. Supp. 3d at 1163 (finding "'approximate losses suffered'" is the most determinative measure of largest financial interest within the meaning of the PSLRA (quoting *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007))); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, no competing movant seeking appointment as Lead Plaintiff in this Action has a larger financial interest in this litigation than Cherches and Zvagelsky. Here, as the chart at p. 2 reflects, Cherches and Zvagelsky incurred an aggregate loss of approximately ***$1.47 million*** in connection with their Class Period transactions in AMMO securities, significantly more than any competing movant's claimed loss and, indeed, more than ***half a million dollars*** larger than the $911,917 loss claimed by Scarborough (*see* Dkt. No. 17-4), the movant claiming the second-largest loss after Cherches and Zvagelsky. Moreover, even without aggregating Cherches and Zvagelsky's losses, Cherches ***individually*** incurred a loss of approximately ***$1.15 million*** (*see* Dkt. No. 20-1), which is likewise significantly larger than that incurred by any competing movant. Accordingly, Cherches and Zvagelsky clearly possess the largest financial interest in this Action of any competing movant and, therefore, are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2. Cherches and Zvagelsky Satisfy Rule 23's Applicable Requirements

In addition to possessing the largest financial interest in the relief sought by the Class, Cherches and Zvagelsky have also made the requisite *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements. *See Smilovits*, 2012 WL 3002513, at *3; *Hall*, 2009 WL 648626, at *2-3.

First, Cherches and Zvagelsky's claims satisfy the typicality requirement of Rule 23(a)(3) because their claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Esparza v*, 2019 WL 2372447, at *4 (quoting *Wolin*, 617 F.3d at 1175). Cherches and Zvagelsky allege, like other Class members,

that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning AMMO, or by omitting to state material facts necessary to make the statements they did make not misleading. Moreover, Cherches and Zvagelsky, like other Class members, purchased or otherwise acquired AMMO securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove AMMO's share price downward. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3). *Id.*

Second, Cherches and Zvagelsky satisfy the adequacy requirement of Rule 23(a)(4) because their interests are aligned with those of other Class members, they are incentivized to prosecute this litigation vigorously on behalf of the Class, and they have retained counsel for the Class that is qualified and competent. *See Karinski*, 2019 WL 8013753, at *1; *Harari v. PriceSmart, Inc.*, No. 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019). Here, there is no evidence of antagonism or conflict between Cherches and Zvagelsky's interests and those of the Class, their approximate $1.47 million loss gives them a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, they have submitted sworn Certifications declaring their respective commitment to protect the interests of the Class (*see* Dkt. No. 20-2 at *2-3, *9-10), and they have selected and retained Co-Lead Counsel and Liaison Counsel that are highly experienced in vigorously and efficiently prosecuting securities class actions like the present Action, as discussed in further detail in Section II.B.

Moreover, Cherches and Zvagelsky are siblings that have submitted a detailed Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their participation in a conference call with each other to discuss this Action prior to the filing of their motion, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, and their readiness to collaboratively shoulder these responsibilities, including by overseeing the efforts of counsel. *See* Dkt. No. 20-4. Accordingly, Cherches and Zvagelsky are a small and cohesive movant duo with a pre-litigation relationship, making them an unquestionably appropriate pairing under the PSLRA and the jurisprudence of courts in this Circuit. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group of persons*** that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *Peters*, 2020 WL 11884392, at *4 (appointing movant group that submitted a "Joint Declaration detail[ing] their participation in a conference call with one another prior to filing this motion, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take cooperatively to prosecute this litigation on behalf of the putative class"); *Borteanu*, 562 F. Supp. 3d at 187 (same); *Sabbagh*, 2010 WL 3064427, at *6-7 (same).

The propriety of Cherches and Zvagelsky seeking joint appointment as Co-Lead Plaintiffs is further bolstered by the fact that Cherches individually incurred a significantly larger loss than any competing movant, thereby obviating any concern that Cherches and Zvagelsky aggregated their losses purely to meet the PSLRA's "largest financial interest" criterion. *See Sabbagh*, 2010

WL 3064427, at *7 ("The Court's confidence . . . is further bolstered by the fact that it does not appear that this group was assembled merely for the purpose of aggregating their losses in order to surpass the financial interests of any of the other applicants. In actuality, two of the members . . . have *individual losses* . . . which exceed the financial interests of all other applicants[.]" (Emphasis in original.)); *Hodges*, 263 F.R.D. at 533 (appointing co-lead plaintiffs where "it is not necessary for the members of the [movant group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself"); *Petrie v. Elec. Game Card, Inc.*, No. SACV10-0252DOCRNBX, 2010 WL 2292288, at *2 (C.D. Cal. June 4, 2010) (appointing group of three where a married couple in the group had the largest financial loss among all lead plaintiff candidates); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *5, *10 (S.D. Cal. Jan. 5, 2004) (appointing group with individual claiming largest loss among lead plaintiff candidates).

*****

Because Cherches and Zvagelsky have the largest financial interest of any competing lead plaintiff movant in the relief sought by the Class and otherwise satisfy the applicable requirements of Rule 23, they are the presumptive "most adequate" plaintiffs of the Class within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

To overcome the strong presumption entitling Cherches and Zvagelsky to appointment as Co-Lead Plaintiffs, the PSLRA requires "***proof***" that they are inadequate. *Id.* § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

MEMORANDUM OF POINTS AND AUTHORITIES<br>CV-24-02619-PHX-DJH<br>9

**B.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in lead plaintiffs to select and retain counsel for the Class, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  "A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class." *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) (quoting 15 U.S.C. § 78u–4 (a)(3)(B)(iii)(II)(aa)).

Here, Cherches and Zvagelsky have selected Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.  As their respective resumes reflect, these firms' attorneys are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. Nos. 20-5, 20-6, 20-7.  Thus, the Court may be assured that by approving Cherches and Zvagelsky's selection of counsel, the members of the Class will receive the best legal representation available.

**C.    THE COMPETING MOTIONS SHOULD BE DENIED**

Given that Cherches and Zvagelsky have the largest financial interest in this Action among the competing movants, it is self-evident that no competing movant can satisfy the PSLRA's first criterion for appointment as Lead Plaintiff.  This fact alone mandates denial of the competing motions.

**III.    CONCLUSION**

For the foregoing reasons, Cherches and Zvagelsky respectfully request that the Court issue an Order: (1) appointing Cherches and Zvagelsky as Co-Lead Plaintiffs for the Class; and

(2) approving their selection of Pomerantz and BG&G as Co-Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.

Dated:  December 13, 2024                              Respectfully submitted,

                                                      */s/ Gary Gotto*
                                                      Gary Gotto (No. 007401)
                                                      **KELLER ROHRBACK L.L.P.**
                                                      3101 North Central Avenue, Suite 1400
                                                      Phoenix, AZ 85012
                                                      ggotto@kellerrohrback.com
                                                      Tel.: (602) 230-6322

                                                      *Counsel for Movants Dmitry Cherches and
                                                      Irene Zvagelsky and Proposed Liaison Counsel
                                                      for the Class*

                                                      **POMERANTZ LLP**
                                                      Jeremy A. Lieberman
                                                      (admitted *pro hac vice*)
                                                      J. Alexander Hood II
                                                      (admitted *pro hac vice*)
                                                      600 Third Avenue, 20th Floor
                                                      New York, NY 10016
                                                      Telephone: (212) 661-1100
                                                      Facsimile: (917) 463-1044
                                                      jalieberman@pomlaw.com
                                                      ahood@pomlaw.com

                                                      **BRONSTEIN, GEWIRTZ &
                                                      GROSSMAN, LLC**
                                                      Peretz Bronstein
                                                      (admitted *pro hac vice*)
                                                      60 East 42nd Street, Suite 4600
                                                      New York, New York 10165
                                                      Telephone: (212) 697-6484
                                                      Facsimile: (212) 697-7296
                                                      peretz@bgandg.com

*Counsel for Movants Dmitry Cherches and Irene Zvagelsky and Proposed Co-Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gary Gotto
Gary Gotto