**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Mark D. Lammers; mdlammers@rllaz.com
State Bar No. 010335

*Liaison Counsel for Lead Plaintiff Movant Samuel Scarborough*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley,<br><br>    Defendants. | Case No. 2:24-cv-02619-DJH<br><br>**SAMUEL SCARBOROUGH'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Lead Plaintiff Movant Scarborough[1] submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of counsel (Dkt. No. 17), and in reply to Cherches and Zvagelsky's opposition to Scarborough's motion (Dkt. No. 30, the "C&Z Opp."). Scarborough should be appointed as lead plaintiff and his selection of counsel should be approved because Scarborough has the largest financial interest and no movant contests that Scarborough is adequate to represent the class.

## I. SCARBOROUGH IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST

Scarborough has the largest financial interest as measured by the two most weighty of the four factors courts consider—loss and net shares purchased:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss[2] |
|---|---|---|---|---|
| Scarborough | 283,163 | **210,274** | $1,176,816 | **$897,478** |
| Patel | 128,590 | 85,008 | $635,437 | $587,182 |
| *Cherches* | *674,161* | *57,800* | *$1,225,718* | *$168,806* |
| *Zvagelsky* | *113,300* | *108,200* | *$461,393* | *$298,068* |
| Total | 787,461 | 166,000 | $1,687,110 | $466,874 |
| Sommerville | 309,821 | 56,000 | $140,906 | $89,281 |
| Barrile | 5,000 | 5,000 | $29,415 | $23,116 |

As such, Scarborough has the largest financial interest.

Of the four other movants, only Cherches and Zvagelsky challenge the fact that Scarborough has the largest financial interest. Their challenge fails. Cherches and Zvagelsky inflate their losses, claiming they "incurred a collective loss of approximately *$1.47 million* in connection with their Class Period transactions in AMMO securities," and on this basis claim that they have the largest financial interest. C&Z Opp. at 1 (emphasis in original). However, as explained in Scarborough's opposition memorandum, this figure is significantly overstated because it includes unrecoverable losses on sales prior to the

---

[1] Capitalized terms herein shall have the same definitions as in Scarborough's opposition memorandum (Dkt. No. 29).

[2] Excluding losses on pre-disclosure sales.

1

corrective disclosure (*i.e.* "in-and-out transactions"). *See* Dkt. No. 29 at 4-5; *Stephens v. Maplebear Inc.*, 2024 WL 3262617, at *3 (N.D. Cal. July 1, 2024) ("[F]ollowing the Supreme Court's holding in *Dura* . . . district courts have generally excluded losses incurred from pre-disclosure stock sales."). Indeed, another movant, Barrile, is in agreement that Cherches and Zvagelsky overstated their loss. *See* Dkt. No. 27.

Cherches and Zvagelsky do not articulate why their unrecoverable losses should still count towards their total loss for purposes of establishing their financial interest. Their silence on this issue is particularly curious given that Cherches and Zvagelsky cite authority in their opposition memorandum that holds in-and-out transactions should be excluded from their loss calculation. *See* C&Z Opp. at 5 (citing *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007)). *Comverse* makes clear that "under *Dura* and its progeny, any losses that [movant] may have incurred before Comverse's misconduct was ever disclosed to the public are not recoverable" and "any such losses must not be considered in the *recoverable* losses calculation that courts engage in when selecting a lead plaintiff." *Id.* at *4 (emphasis in original). Once corrected, Cherches and Zvagelsky's recoverable stock loss is only $466,874, far less than Scarborough's recoverable loss of $897,478.

Moreover, if Cherches and Zvagelsky's class period gain from selling options is included (as it should be), they have a net gain, rather than a net loss. *See* Dkt. No 20-1 at 1 (reporting a $631,464 gain attributable to selling options contracts). This is disqualifying. *See, e.g.*, *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("[C]ourts usually reject these so-called net gainers as lead plaintiffs, opting instead for net losers that will have less trouble proving damages.").

Scarborough clearly has the largest financial interest. Since he also filed a timely motion and is adequate to represent the class, Scarborough is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

2

## II.    THE PRESUMPTION THAT SCARBOROUGH IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

To rebut the most adequate plaintiff presumption, another movant must present "proof" that Scarborough is inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). However, no movant has even challenged Scarborough's adequacy or asserted that he is subject to any unique defenses. As such, the presumption that Scarborough is the most adequate plaintiff has not been rebutted, and Scarborough should be appointed as lead plaintiff.

## III.    CONCLUSION

For the foregoing reasons, Scarborough respectfully requests that the Court enter an order: (1) appointing Scarborough as lead plaintiff; (2) approving Scarborough's selection of Glancy Prongay & Murray LLP as lead counsel and Rusing Lopez & Lizardi, PLLC as liaison counsel for the class; and (3) denying the competing motions.

3

DATED:  December 20, 2024

Respectfully submitted,

By:  */s/ **Mark D. Lammers***

Mark D. Lammers
**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 N. Swan Road Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Email: mdlammers@rllaz.com

*Liaison Counsel for Lead Plaintiff Movant Samuel Scarborough and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com
            clinehan@glancylaw.com
            prajesh@glancylaw.com

*Counsel for Lead Plaintiff Movant Samuel Scarborough and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

4