Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

*Counsel for Movants Dmitry Cherches and
Irene Zvagelsky and Proposed Liaison Counsel
for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley,<br><br>Defendants. | Case No. CV-24-02619-PHX-DJH<br><br>Hon. Diane J. Humetewa<br><br>**RESPONSE OF DMITRY CHERCHES AND IRENE ZVAGELSKY TO SAMUEL SCARBOROUGH'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO THE REPORT AND RECOMMENDATION DATED MAY 8, 2025 (DKT. NO. 35)** |

Movants Dmitry Cherches ("Cherches") and Irene Zvagelsky ("Zvagelsky") respectfully submit this memorandum of points and authorities in response to Samuel Scarborough's ("Scarborough") objections (the "Objection") (Dkt. No. 36) to the Report and Recommendation of the Honorable Eileen S. Willett, U.S.M.J. (the "R&R") (Dkt. No. 35) to: (i) approve Cherches and Zvagelsky's motion (the "Motion") (Dkt. No. 19) for appointment as Co-Lead Plaintiffs and approval of their selection of counsel in the above-captioned action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) deny the competing motions filed by Shelly Barrile ("Barrile") (Dkt. No. 16), Scarborough (Dkt. No. 17), and Cary Sommerville ("Sommerville") (Dkt. No. 18).[1]

## I.    PRELIMINARY STATEMENT

On May 8, 2025, following three rounds of motion briefing, Judge Willett entered the R&R to grant Cherches and Zvagelsky's Motion and deny the competing motions respectively filed by movants Barrile, Scarborough, and Sommerville. *See* Dkt. No. 35. In finding that Cherches and Zvagelsky met the PSLRA's criteria for appointment as Co-Lead Plaintiffs, Judge Willett expressly considered various opposition arguments advanced by Scarborough—*inter alia*, that Cherches and Zvagelsky were subject to a unique defense stemming from their supposed profits derived from Class Period trading in AMMO Inc. ("Ammo") option contracts. Judge Willett specifically rejected that argument as "***speculative***" and concluded that "no Movant has rebutted the presumption that Cherches and Zvagelsky are the most adequate plaintiffs" to be appointed as Co-Lead Plaintiffs pursuant to the PSLRA. *Id.* at 9 (emphasis added).

On May 22, 2025, Scarborough filed his Objection pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), arguing that Judge Willett had erred in finding that Scarborough

---

[1] Initially, one other putative Class member, Dirgesh Patel ("Patel"), filed a similar competing motion. *See* Dkt. No. 15. On December 13, 2024, Patel withdrew his competing motion. *See* Dkt. No. 28.

had not rebutted the PSLRA's "most adequate plaintiff" presumption in Cherches and Zvagelsky's favor. *See generally* Dkt. No. 36. Specifically, Scarborough argued that Judge Willett had erred in not applying the loss causation principles articulated in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), at "step three" of the PSLRA's lead plaintiff appointment analysis—*i.e.*, the stage of the statutory analysis in which the Court's task is to determine whether competing movants have provided "proof" that the presumptive most adequate plaintiff, *inter alia*, "is subject to unique defenses that render such plaintiff incapable of adequately representing the class" (15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb)), and is thus disqualified from appointment. *See* Dkt. No. 36 at 1-3, 8.

As discussed below, Scarborough has not demonstrated that any part of Judge Willett's R&R is "clearly erroneous or . . . contrary to law" such that reversal is warranted under Rule 72(a). The Court should thus deny Scarborough's Objection and adopt Judge Willett's R&R.

## II.    ARGUMENT

### A.    LEGAL STANDARD

Rule 72(a) requires a U.S. District Judge to "modify or set aside any part of" an order entered by a U.S. Magistrate Judge "that is clearly erroneous or is contrary to law." In particular:

> The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 603 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hill v. Maricopa Cnty. Sheriff's Off.*, No. CV-18-02613-PHX-GMS, 2020 WL 7828761, at *1 (D. Ariz. Dec. 31, 2020) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

*Hunter v. Garrison*, No. CV-23-00242-PHX-DLR (ESW), 2025 WL 1331713, at *1 (D. Ariz. May 7, 2025). In the context of lead plaintiff motions under the PSLRA, "courts have broad discretion under [Federal Rule of Civil Procedure 23 ("Rule 23")] to determine the adequacy of a proposed lead plaintiff." *Guo v. Tyson Foods, Inc.*, 21-CV-552 (AMD) (JRC), 2023 WL

3765052, at *2 (E.D.N.Y. June 1, 2023).

## B.    JUDGE WILLETT DID NOT ERR IN DECLINING TO APPLY *DURA* AT THE LEAD PLAINTIFF APPOINTMENT STAGE

Scarborough has wholly failed to demonstrate that any part of Judge Willett's R&R is "clearly erroneous or contrary to law" such that modification is warranted pursuant to Rule 72(a). Rather, as the R&R reflects, Judge Willett correctly applied the PSLRA and Ninth Circuit securities jurisprudence in concluding that Cherches and Zvagelsky met the PSLRA's criteria for appointment as Co-Lead Plaintiffs.

> The Ninth Circuit has established a three-step process for the appointment of a lead plaintiff under the PSLRA. First, a court must determine whether the plaintiff in the first-filed action issued a notice publicizing the pendency of the action. Second, a court must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Federal Rule of Civil Procedure 23, particularly its typicality and adequacy requirements. If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff. Finally, a court must consider competing plaintiffs' attempts to rebut the presumptively most adequate plaintiff's showing that it satisfies Rule 23's requirements.

*Alich v. Opendoor Techs. Inc.*, No. CV-22-01717-PHX-MTL, 2023 WL 1472849, at *3 (D. Ariz. Feb. 2, 2023) (internal citations and quotation marks omitted).  The presumption in a movant's favor that they are the "most adequate plaintiff" to be appointed lead plaintiff "may be rebutted only upon ***proof*** . . . that the presumptively most adequate plaintiff does not satisfy the adequacy or typicality requirements of Rule 23."  *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (emphasis added) (internal quotation marks omitted).  "Speculation is 'insufficient to rebut the lead plaintiff presumption[.]'" *Tenneson v. Nikola Corp.*, No. CV2302131PHXDJHDMF, 2024 WL 905244, at *9 (D. Ariz. Feb. 29, 2024), *report and recommendation adopted*, No. CV2302131PHXDJHDMF, 2024 WL 1796119 (D. Ariz. Apr. 25, 2024) (alteration in original) (quoting *Armour v. Network Associates, Inc.*, 171 F.Supp.2d 1044, 1054 (N.D. Cal. 2001)).

Here, Scarborough's Objection: (i) acknowledges that Cherches and Zvagelsky timely

filed their Motion pursuant to the PSLRA; (ii) does not object to Judge Willett's R&R application of a last-in, first-out ("LIFO") methodology in determining that Cherches and Zvagelsky alleged the largest financial interest in the Action among the competing Lead Plaintiff movants; and (iii) concedes that there has been no dispute that Cherches and Zvagelsky made the requisite preliminary showing that they satisfy the applicable requirements of Rule 23. *See* Dkt. No. 36 at 1 n.1, 3-4. Accordingly, Scarborough concedes that Cherches and Zvagelsky demonstrated their entitlement to the rebuttable presumption that they are the "most adequate plaintiffs" of this Class within the meaning of the PSLRA. Scarborough's Objection focuses solely on step three of the lead plaintiff appointment analysis, at which the Court is to consider whether any competing movant has rebutted the "most adequate plaintiff" presumption in Cherches and Zvagelsky's favor. Specifically, Scarborough argues that "Cherches and Zvagelsky are net gainers"—*i.e.*, their transactions in the securities at issue in this Action amount to an overall profit—"because the proceeds they received from selling options contracts during the class period swamp their potentially recoverable stock losses." *Id.* at 6-7. Accordingly, Scarborough claims that "at later stages of the litigation, when *Dura* must be applied to limit recoverable losses, Defendants *will* be able to assert a unique defense against Cherches and Zvagelsky that they have no net loss (*i.e.*, no damages)." *Id.* at 7 (emphasis added).

Scarborough is wrong. As a threshold matter, his entire argument rests on an incorrect and wholly unsupported premise—namely, that Cherches and Zvagelsky were, in fact, net gainers with respect to their Class Period transactions in Ammo securities. They are not. In support of this conclusion, Scarborough recalculated Cherches and Zvagelsky's investment losses using a so-called "retained shares method." However, as set forth at length in Cherches and Zvagelsky's reply brief, Scarborough's baffling methodology is at odds with both law and logic. Although the PSLRA does not prescribe a specific method for determining financial interest, the Ninth

Circuit has stated that courts "may select accounting methods that are both ***rational and consistently applied***." *Cavanaugh*, 306 F.3d at 730 n.4 (emphasis added). Here, Scarborough's methodology meets neither of these criteria, nor has he cited any authority in which a court has applied any such methodology in a PSLRA action. Although a minority of courts have adopted a "retained shares method" in certain cases, which Scarborough cites in his briefing (*see, e.g.*, Dkt. No. 36 at 4), none of those courts applied anything comparable to what Scarborough advocated in this litigation. Rather, Scarborough's "retained shares method" appears to be a home-brewed formula, with no basis in PSLRA case law, that was specifically designed to transform Cherches and Zvagelsky's investment losses into gains. As Cherches and Zvagelsky noted in their reply brief, their counsel were unable to replicate Scarborough's methodology or otherwise determine how, precisely, he concluded that their investment loss of approximately $1.47 million was actually a gain of $164,590. *See* Dkt. No. 33 at 2 n.2, 5-6 n.4.

Moreover, to the extent its details can even be discerned, Scarborough's methodology is blatantly inconsistent, as it selectively applies *Dura* loss-causation principles ***only*** to Cherches and Zvagelsky's common stock transactions, while applying a simple LIFO-based methodology to their options transactions. *See id.* at 5-6. Consistently applying either Scarborough's purportedly "*Dura*"-based retained shares methodology or a simple LIFO methodology to both Cherches and Zvagelsky's stock ***and*** options transactions—rather than mixing and matching, as Scarborough does—the duo's stock losses significantly exceed their options profits—by a margin of $1,468,882 on a LIFO basis, and by a margin of $453,152 on Scarborough's purportedly *Dura*-derived methodology. *Id.* at 6.

In sum, Scarborough's methodology is irrational, inconsistent, and transparently self-serving. This makes it extremely difficult to credit his insistence that it "will inevitably" come into play at some later stage of the litigation, to the detriment of the Class.

RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION
CV-24-02619-PHX-DJH

5

Moreover, Judge Willett's decision not to apply *Dura* principles at any stage of her lead plaintiff selection analysis was neither clearly erroneous nor contrary to law.  Even assuming, *arguendo*, that something akin to Scarborough's methodology did somehow become relevant at a later stage of this litigation, there is in fact **no** requirement that the Court "apply *Dura*" at **any** step of the lead plaintiff appointment process—much less at step three, in the context of rebuttal evidence, as Scarborough insists it must.  Dkt. No. 36 at 8.  In her Order, Judge Willett expressly noted that, contrary to Scarborough's assertions, "applying *Dura* principles at the lead plaintiff appointment stage"—that is, at **any** point of the lead plaintiff appointment stage—"is premature because it would require a merits-based analysis inappropriate before discovery has commenced"—*i.e.*, because it would require the Court to engage in speculation.  Dkt. No. 35 at 4-5 (citing *Luo v. Spectrum Pharms., Inc.*, No. 2:21-CV-01612-CDS-BNW, 2022 WL 2985939, at *4, *7 n.3 (D. Nev. July 28, 2022)).  Then, in finding "that no Movant has rebutted the presumption that Cherches and Zvagelsky are the most adequate plaintiffs" (Dkt. No. 35 at 9), Judge Willett cited *Armour v. Network Associates, Inc.*, 171 F. Supp. 2d 1044 (N.D. Cal. 2001), for the well settled principle that "[s]peculation is 'insufficient to rebut the lead plaintiff presumption'" afforded under the PSLRA.  Dkt. No. 35 at 9 (quoting *Network Associates*, 171 F. Supp. 2d at 1054); *see also, e.g.*, *Nikola*, 2024 WL 905244, at *9 (same).  Accordingly, because Judge Willett found "Scarborough's arguments about [Cherches and Zvagelsky's] options profits"—that is, that the duo purportedly earned more on their relevant options investments than they lost on their relevant common stock investments—to be merely "***speculative***[,]" she found those arguments to be legally insufficient to rebut the "most adequate plaintiff" presumption in Cherches and Zvagelsky's favor.  Dkt. No. 35 at 9 (emphasis added).

Ample authority supports Judge Willett's conclusions regarding the application of *Dura* at the lead plaintiff appointment stage.  As discussed at length in Cherches and Zvagelsky's reply

RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION
CV-24-02619-PHX-DJH

6

brief, "'the appropriateness of employing *Dura* analysis at the lead plaintiff stage is subject to considerable dispute[,]'" as it requires courts to conduct a merits analysis necessitating expert opinion and otherwise consider factors not yet clear at this stage. Dkt. No. 33 at 3 (quoting *Cook v. Allergn PLC*, 8 Civ. 12089 (CM) *et al.*, 2019 WL 1510894, at *3 (S.D.N.Y. Mar. 21, 2019)). As "[t]he Supreme Court recognized," there are "numerous factors [that] may affect the price of a security"—such as, *inter alia*, potential additional corrective disclosures that lead plaintiffs may add to an amended complaint, thereby potentially obviating concerns regarding the recoverability of losses on certain security transactions—and the Supreme Court "did not suggest that a court should guess about the effect of these as-yet-unknown factors in selecting a lead plaintiff, nor did it consider the issue." *In re WatchGuard Sec. Litig.*, No. C05-678JLR, 2005 WL 8188936, at *4 n.6 (W.D. Wash. July 13, 2005) (rejecting application of *Dura* at lead plaintiff appointment stage). This same logic applies equally at step three of the statutory analysis. If *Dura*-related factors are too speculative for consideration in calculating a movant's financial interest—a finding in the R&R that Scarborough has ***not*** disputed—then they are equally speculative in the context of rebutting the "most adequate plaintiff presumption" (*i.e.*, at step three of the statutory analysis). Likewise, the fact that *Dura* questions may be litigated at a later stage of this litigation—that is, following adjudication of a motion to dismiss, discovery, and in the context of class certification—does not make these concerns any less speculative at this stage of the litigation. Rather, it only underscores precisely why such concerns are inherently speculative at this stage.

Scarborough, for his part, has not identified a single error of law in Judge Willett's analysis. Scarborough insists that the mandatory consideration of *Dura* issues at step three of the lead plaintiff appointment process is essentially black-letter law, boldly claiming "the Court ***cannot*** ignore *Dura* for purposes of step three" of the lead plaintiff appointment process, that

"apply[ing] *Dura* . . . is ***required*** at step three[,]" and that "[t]he Court ***cannot*** ignore *Dura* for purposes of determining whether a movant will be subject to a unique defense[.]" Dkt. No. 36 at 2, 8 (emphases added). Yet Scarborough has cited ***zero*** authority for his position—indeed, the portion of his Objection that actually challenges Judge Willett's conclusions consists of a mere three paragraphs of argument containing no case citations in support of this position whatsoever. If there were, in fact, an ironclad rule requiring Judge Willett to consider *Dura* issues at stage three of her analysis, as Scarborough claims, presumably there would be a robust body of case law stating as much. Having failed to identify ***any*** such authority, Scarborough has obviously failed to show that Judge Willett's Order was contrary to law or clearly erroneous.

Instead, Scarborough can only resort to cherry-picking statements from the R&R and presenting them out of context so that they appear to support his untenable position. In particular, Scarborough claims that "Judge Willett recognized that *Dura **must*** be applied at 'the dismissal stage of a lawsuit' (R&R at 4 (citation omitted)) and at stages requiring 'a merits-based analysis' after 'discovery has commenced' (R&R at 4-5)[.]" *Id.* at 8 (emphasis added). Not so. What Judge Willett actually stated is that "[t]he law does not require this Court to apply *Dura* to adjust a prospective plaintiff's alleged loss prior to the dismissal stage of a lawsuit" and that she "***agrees with Cherches and Zvagelsky*** . . . that applying *Dura* principles at the lead plaintiff appointment stage is premature because it would require a merits-based analysis inappropriate before discovery has commenced." Dkt. No. 35 at 4-5 (emphasis added) (internal quotation marks omitted).

Accordingly, Judge Willett did not err, much less "clearly" err pursuant to Rule 72(a), nor make any decision that is clearly contrary to law, in (i) declining to apply *Dura* at step three of the lead plaintiff appointment process; and (ii) finding "that "Scarborough's arguments about [Cherches and Zvagelsky's] options profits . . . are ***speculative***" (Dkt. No. 35 at 9 (emphasis

RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION
CV-24-02619-PHX-DJH

8

added)).  Given Scarborough's failure to establish that Judge Willett's R&R is "clearly erroneous or . . . contrary to law," reversal under Rule 72(a) plainly is ***not*** warranted.

## III.    CONCLUSION

For the foregoing reasons, Cherches and Zvagelsky respectfully request that the Court issue an Order adopting in full Judge Willett's R&R.

Dated:  June 5, 2025                                Respectfully submitted,

*/s/ Gary Gotto*
Gary Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Counsel for Movants Dmitry Cherches and Irene Zvagelsky and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
J. Alexander Hood II (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (admitted *pro hac vice*)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION
CV-24-02619-PHX-DJH

9

*Counsel for Movants Dmitry Cherches and Irene Zvagelsky and Proposed Co-Lead Counsel for the Class*

RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION
CV-24-02619-PHX-DJH

10

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gary Gotto
Gary Gotto

RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION
CV-24-02619-PHX-DJH

11