**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Mark D. Lammers; mdlammers@rllaz.com
State Bar No. 010335

*Liaison Counsel for Lead Plaintiff Movant Samuel Scarborough*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arias Larmay, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Ammo, Inc., Fred W. Wagenhals, Jared R. Smith, and Robert D. Wiley,<br><br>Defendants. | Case No. 2:24-cv-02619-DJH<br><br>**REPLY IN SUPPORT OF SAMUEL SCARBOROUGH'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO THE REPORT AND RECOMMENDATION DATED MAY 8, 2025 (DKT. No. 35)** |

Lead Plaintiff Movant Scarborough submits this memorandum of law in further support of his objections (*see* Dkt. No. 36, "Objections") to Magistrate Judge Eileen S. Willett's May 8, 2025 Report and Recommendation (Dkt. No. 35, the "R&R"), and in reply to Cherches and Zvagelsky's ("C&Z's") response to the Objections (Dkt. No. 37, "C&Z Response").

While Scarborough believes that the retained shares method loss calculation better reflects movants' damages and actual financial interest (*see* Objections at 4-5), he does not dispute that Judge Willett was within her discretion to use the LIFO method instead, and find that C&Z have the largest LIFO loss and therefore the largest financial interest. As such, Scarborough does not object to the R&R finding (at step two of the PSLRA process) that C&Z are entitled to the presumption that they are the most adequate plaintiff to be appointed as lead plaintiff. However, Scarborough does object to the R&R with respect to step three of the PSLRA process (determining whether the presumption is rebutted because the presumptively most adequate plaintiff is subject to unique defenses or otherwise inadequate). Specifically, the fact that C&Z are net gainers under *Dura* subjects them to unique defenses, rebutting the most adequate plaintiff presumption.

Even now, C&Z do not substantively contest that their class period options proceeds (gains) exceed their *Dura* recoverable stock losses—rendering them "net gainers." They also concede that net gainers are subject to unique defenses that render them inadequate to represent the class. As such, the presumption that they are the most adequate plaintiff has been rebutted.

Faced with these facts, C&Z attempt to save their bid for appointment by clinging to the fundamental error in the R&R: the contention that a court can ignore the Supreme Court's holding in *Dura* for purposes of determining whether a movant is subject to unique defenses. C&Z, just like the R&R, are in error—the Court cannot ignore *Dura* at step three. If *Dura* is properly considered, as it certainly will be at the motion to dismiss and class certification, C&Z are net gainers which subjects them to unique defenses and renders them inadequate

1

representatives. This is exactly the type of issue that rebuts the presumption that C&Z are the most adequate plaintiff.

Since Scarborough has the next largest financial interest and is otherwise adequate to represent the class, the objections to the R&R should be sustained, Scarborough should be appointed as lead plaintiff, and his selection of counsel should be approved.

## I.    CHERCHES AND ZVAGELSKY DO NOT CONTEST THAT THEIR CLASS PERIOD OPTIONS PROCEEDS EXCEED THEIR POTENTIALLY *DURA* RECOVERABLE STOCK LOSSES

While C&Z criticize Scarborough's calculation of their recoverable losses, (*see* C&Z Response at 4-5), they do not contest the central claim: that C&Z's class period options proceeds exceed their recoverable stock losses. C&Z report a $631,464 gain from their class period options transactions. *See* Dkt. No. 20-1. However, C&Z ***do not claim*** (because they cannot claim) that their *Dura* recoverable stock losses on shares they held through the end of the class period exceed $631,464. As such, C&Z do not actually contest that they are net gainers in this way.

Rather than address this central issue, C&Z instead argue, for example, that Scarborough may have misapplied the well-accepted retained shares method and miscalculated C&Z's recoverable loss. *See* C&Z Response at 5 ("Scarborough's [calculation] appears to be a home-brewed formula" and "their counsel were unable to replicate Scarborough's methodology"). This is not the case. As an initial matter, if a purportedly proper calculation of C&Z's recoverable losses would have showed that such losses exceeded C&Z's options gain, they surely would have provided the figure. Tellingly, they did not.[1]

---

[1] Moreover, Scarborough accurately applied the retained shares method. Scarborough calculated C&Z's recoverable loss under the retained shares method to be $466,874. C&Z held 166,000 shares through the corrective disclosure at the end of the class period. Their loss on such shares alone was $560,544. However, 159,291 of the 166,000 shares were purchased as a result of put options that C&Z sold during the class period, netting proceeds of $79,984. C&Z also sold 1,660 call options contracts that remained opened through the (footnote continued)

2

C&Z also argue that their options gains should not count against their stock losses because the vast majority of their options were not held through the disclosure at the end of the class period. *See* C&Z Response at 5 (accusing Scarborough of selectively applying *Dura* "only to [C&Z]'s common stock transactions"). Their analysis is incorrect because *Dura* stands for the narrow proposition that a movant cannot demonstrate loss causation with respect to shares the movant sold prior to the alleged corrective disclosure, making losses on such shares unrecoverable. *Dura* does not, however, suggest that a movant's gains on other class period transactions are nullified. *See Skeels v. Piedmont Lithium Inc.*, 2022 WL 1236797, at *5 (E.D.N.Y. Feb. 4, 2022) ("Application of *Dura* leads to the exclusion of pre-corrective action losses only, not gains."). Indeed, *Dura* limits C&Z's recoverable stock losses, but does not nullify their class period options gains.

While C&Z claim that "Scarborough's methodology is irrational, inconsistent, and transparently self-serving" (C&Z Response at 5), they do not dispute (as they cannot) that their class period options gains exceed their *Dura* recoverable stock losses. In sum, it is essentially undisputed C&Z are net gainers.

## II.    CHERCHES AND ZVAGELSKY DO NOT CONTEST THAT NET GAINERS ARE SUBJECT TO DISQUALIFYING UNIQUE DEFENSES

As explained in Scarborough's earlier briefing and in his Objections, lead plaintiff movants with a net gain are inadequate to represent the class because they are subject to unique defenses, including the defense that they have no damages. *See* Objections at 7 ("Courts routinely disqualify net gainers on the basis that they are subject to this unique defense at later stages.") (citing cases). C&Z do not challenge, and thus concede, that net gainers are inadequate and subject to disqualifying unique defenses. *See* C&Z Reply at 4-5 (challenging that C&Z are net gainers, but not contesting that net gainers are subject to

alleged corrective disclosure for proceeds of $13,722. Netting such proceeds from C&Z's pure stock loss yields a retained shares method loss $466,874. However, even if C&Z were to argue that their entire loss on all 166,000 shares ($560,544) is recoverable, that loss is still smaller than their $631,464 options gain.

3

unique defenses). As such, since C&Z are net gainers, they are subject to unique defenses that render them inadequate to represent the class, rebutting the presumption that they are the most adequate plaintiff to be appointed as lead plaintiff.

**III.     CHERCHES AND ZVAGELSKY ARE INCORRECT THAT THE COURT CAN IGNORE SUPREME COURT PRECEDENT (*DURA*) WHEN DETERMINING WHETHER CHERCHES AND ZVAGELSKY ARE SUBJECT TO UNIQUE DEFENSES**

Given that C&Z do not substantively contest that their class period options gains exceed their *Dura* recoverable stock losses and concede that net gainers are subject to disqualifying unique defenses, they attempt to save their bid for appointment by arguing that the Court should entirely disregard *Dura* at the lead plaintiff appointment stage. *See* C&Z Response at 6 ("Judge Willett's decision not to apply *Dura* principles at any stage of her lead plaintiff selection analysis was neither clearly erroneous nor contrary to law."). This is not correct. Mandatory Supreme Court authority that will limit or eliminate a movant's securities fraud claim at the motion to dismiss stage and beyond is highly relevant to the step three determination of whether they are "subject to unique defenses that render [them] incapable of adequately representing the class." *See In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb)).

In fact, to hold that *Dura* should not be applied at step three would lead to absurd results. Lead plaintiffs would be appointed because they have the largest LIFO loss only for the case to be immediately dismissed because they cannot demonstrate loss causation or damages under *Dura*. For this reason, courts consistently apply *Dura* at step three to disqualify such movants. *See, e.g.*, *Jaszczyszyn v. SunPower Corp.*, 2022 WL 10208559, at *2 (N.D. Cal. Oct. 13, 2022) ("The [competing movants] argue that Mr. Song's status as an in-and-out trader makes him subject to unique defenses such that he cannot meet the requirements of typicality and adequacy. . . . The Court agrees."); *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at *3 (C.D. Cal. Apr. 1, 2019) (finding movant who "sold all of its stock prior to the final corrective disclosure" was "subject to the unique defense that they cannot

prove loss causation"). Indeed, relevant here, multiple courts that did not apply *Dura* to determine which movant has the largest financial interest at step two (determining which movant is the presumptively most adequate plaintiff) have relied on *Dura* at step three to disqualify the presumptively most adequate plaintiff. *See, e.g.*, *SunPower Corp.*, 2022 WL 10208559, at *2-*3 (not applying *Dura* to limit movant's claimed loss, but relying on *Dura* to find him subject to unique defenses); *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 333 (S.D.N.Y. 2005) (same); *see also See Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, at *4, *8 (N.D. Cal. Nov. 30, 2020) (recognizing "Courts in this district . . . have adopted a range of *Cavanaugh*-approved approaches in calculating the financial interest of each plaintiff," and disqualifying movant that "sold the lion's share of their class period Enphase stock acquisitions prior to the corrective disclosure"). *Dura* must be applied at step three because it is highly relevant to whether a movant is subject to unique defenses.

C&Z's cited authority does not hold otherwise. Every case that C&Z cite in support of their contention that the Court can ignore *Dura* at step three ***actually declined to apply Dura at step two*** (which Scarborough agrees is within the Court's discretion). *See* C&Z Response at 6-8. None of their cases rejected the application of *Dura* at step three. *See Luo v. Spectrum Pharms., Inc.*, 2022 WL 2985939, at *4, *7 n.3 (D. Nev. July 28, 2022) (cited in C&Z Response at 6) (declining to apply *Dura* at step two to determine which movant has the largest financial interest, reasoning "no law requires this Court to give equal weight to the *Olsten-Lax* factors, nor does the law require this Court to apply *Dura* to adjust a prospective plaintiff's alleged loss"); *Cook v. Allergn PLC*, 2019 WL 1510894, at *2-*3 (S.D.N.Y. Mar. 21, 2019) (cited in C&Z Response at 7) (declining to apply *Dura* for purposes of determining which movant had the largest financial interest at step two, reasoning "the impact of *Dura* on the proposed lead plaintiffs' loss calculations is at best uncertain"); *In re WatchGuard Sec. Litig.*, 2005 WL 8188936, at *4 n.6 (W.D. Wash. July 13, 2005) (cited in C&Z Response at 7) (opting to "[c]alculat[e] approximate loss under the PSLRA damage cap" to determine which movant has the largest financial interest at step

5

two, rejecting application of *Dura*).[2] The fact that C&Z has failed to cite a single case where a court ignored *Dura* at step three of the lead plaintiff appointment process further confirms that *Dura* must be applied and Scarborough has rebutted the most adequate plaintiff presumption.[3]

*       *       *

*Dura* must be applied at step three of the PSLRA analysis to determine whether C&Z are subject to unique defenses that render them inadequate to represent the class. C&Z are net gainers under *Dura*, and they concede that net gainers are subject to disqualifying unique defenses. As such, the presumption that C&Z are the most adequate plaintiff is rebutted.

Since Scarborough is the movant with the next largest financial interest, and no movant contests his adequacy and typicality to represent the class, he should be appointed as lead plaintiff and his selection of counsel should be approved.

**IV.    CONCLUSION**

Scarborough's objections to the R&R should be sustained, Scarborough's motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 17) should be granted, and the competing lead plaintiff motions should be denied.

---

[2] Moreover, none of these cases cited by C&Z involve a movant who has a net gain under *Dura* (*i.e.*, no damages and no loss causation), so there was no reason or opportunity for these courts to address the application of *Dura* at step three.

[3] In an apparent attempt to deflect from their lack of on-point precedent, C&Z baldly claim that "Scarborough has cited *zero* authority for his position" (C&Z Response at 8). This is simply untrue. As discussed herein, all of the relevant authority supports Scarborough's position that the Court is free to reject *Dura* at step two but must apply *Dura* at step three of the PSLRA analysis.

6

DATED:  June 12, 2025          Respectfully submitted,

By:  */s/ Mark D. Lammers*
Mark D. Lammers
**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 N. Swan Road Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Email: mdlammers@rllaz.com

*Liaison Counsel for Lead Plaintiff Movant Samuel Scarborough and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  rprongay@glancylaw.com
        clinehan@glancylaw.com
        prajesh@glancylaw.com

*Counsel for Lead Plaintiff Movant Samuel Scarborough and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I certify that on June 12, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

By:     */s/ Aneta Wrzeszcz*
(63662269.2)

7